## GUSTAVE HARRY v. OZÈME CONSTANTIN.

In an action for damages on account of slanderous words, malice is an essential fact, and should always be proved.

APPEAL from the District Court of the Parish of Lafayette, *Martel, J. Deblanc & Fuselier,* for plaintiff and appellant.  *C. H. & E. Mouton,* for defendant.

BUCHANAN, J.  The plaintiff claims damages of the defendant, for slanderous words spoken by the latter, concerning the former.  The petition charges that defendant, to avenge an imaginary wrong, has, within one year, knowingly, maliciously and falsely stated that plaintiff, for a sum of money, (pour une somme de ——,) had hung the slave *Joseph.*"

The answer specially denies that defendant ever slandered plaintiff, as charged ; avers that " on one occasion, defendant stated to one *Emile Begueneaud,* that one *Valery Saunier* was playing a bad trick (*une farce, un badinage,*) upon plaintiff, by charging him with having executed the slave *Joseph ;* that defendant had always been friendly to plaintiff, and meant no malice against him, nor had he the least idea of insinuating, or of making *Begueneaud* believe that plaintiff had been guilty of such an act ; that defendant afterwards had an explanation with plaintiff, and that plaintiff was satisfied with the explanation given, and said that he would punish *Valery Saunier* for what he had said."

Upon this issue, the parties went to trial before a jury.  Many witnesses were examined, and the verdict of the jury was in favor of defendant.

Plaintiff appeals.

The essential fact of malice does not appear to us to have been made out by the evidence, copied in the record.  The allegation of the answer, that the report which the petition charges to have been circulated by defendant, was one that originated with another person, is fully proved by the witnesses examined in the cause.  It is also proved, that this was made known to plaintiff, and that *Saunier,* the originator of the report, was confronted with him, and avowed the fact of his having told it to defendant, as alleged in the answer.  The whole thing appears to have been a jest, in very bad taste, it must be confessed, invented by other persons than defendant, without the least foundation in truth, and which was not believed by any person.

A jury of the vicinage, acquainted with the parties and the witnesses, was the proper tribunal to decide an issue of this kind ; and we perceive no sufficient reason for disturbing their verdict.

Judgment affirmed, with costs.