No. 2865

Second Circuit

---

AUTO ELECTRIC CO. .v. WILKINSON

---

(June 28, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Obligations—Par. 9, 10.

Work done on an automobile is authorized where the evidence shows that the owner visited the shop at intervals and saw the work being done.

2. Louisiana Digest—Appeal—Par. 625, 630.

The evidence, after being weighed, showing a slight overcharge made for labor and material in repairing an automobile, the judgment will reduce the amount to conform therewith.

Appeal from the City Court of the City of Shreveport, Louisiana. Hon. David B. Samuel, Judge.

Action by Auto Electric Company against J. V. Wilkinson.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Cook & Cook, of Shreveport, attorneys for plaintiff, appellee.

Herndon & Herndon, of Shreveport, attorneys for defendant, appellant.

WEBB, J. In this action plaintiff alleged that it had repaired an automobile belonging to defendant at the latter's request, and prayed for judgment for the amount of the bill, consisting of items for materials or parts furnished and labor, amounting to two hundred and eighty-three and 10-100 dollars, subject to a credit of twenty-five dollars.

The defense interposed was that a part of the work had not been authorized, and, further, that the charges were unreasonable and that the work had been improperly executed.

On trial judgment was rendered in favor of plaintiff for one hundred and seventy-ve dollars, with interest and costs, and after applying for a new trial, which was refused, defendant appealed, and on appeal the cause was remanded for a new trial which resulted in the former judgment being reinstated, from which defendant appeals.

Without going into detail, we find that defendant failed to establish the alleged facts upon which the motion for a new trial was ordered, or that the evidence offered materially changed the situation as presented on the original record.

Considering the defenses in their order:

First: That a part of the work was not authorized; there is, as to this, some conflict between the parties. The evidence, however, shows that the automobile was at the plaintiff's shop for two or three months, during which time defendant visited plaintiff's shop at intervals and saw the work which was being done, which he admits was more than he originally requested; and we cannot say that the trial court erred in holding the work to have been authorized.

Second: As to the charges being unreasonable, the evidence related to the charges made for material, and for labor, and we think that with the exception of items amounting to seventeen dollars, the material charged was shown to have been furnished and of the value claimed; but as to the charge for labor, we do not think the amount was established.

The plaintiff was operating a small business and the method of keeping account of the time employed on the car was for the mechanics to file a slip showing time employed for each day, which it is stated would be carried forward to the defendant's account at the end of each day, when the slips would be destroyed, and the charge made is stated to have been for the aggregate shown by the slips; but there was not any attempt made to produce the memoranda which is said to have been made from the slips at the end of each day, and the testimony of plaintiff as to that charge we do not think established it with sufficient certainty. It is certain, however, that some labor was required to install the parts and do the work on the car, and that plaintiff is entitled to recover something on that account; and as the only evidence offered as to the time and amount which would have been required for such work is that of one of defendant's witnesses, who fixes the amount at fifty-five and 50-100 dollars, we think that such amount should be allowed.

Third: The evidence as to the charge that the work was improperly done fails to show that the specific repairs made were improperly executed, and even though it should be said that the obligation of plaintiff extended beyond the execution of the specific repairs in a proper manner or to place the car in good condition, the evidence does not show it was not placed in such condition or that the subsequent repairs were necessary to correct work done by plaintiff.

We find that the plaintiff should recover judgment for the amount claimed for material, less seventeen dollars, and for work and labor in the sum of fifty-five and 50-100 dollars, or a total of one hundred and seventy-one and 60-100 dollars; and the judgment which allowed one hundred and seventy-five dollars is therefore amended so as to fix the amount of recovery at one hundred and seventy-one and 60-100 dollars, and, as thus amended, the judgment is affirmed; plaintiff to pay the costs of the original appeal, and defendant to pay all other costs.