BOCCA, Appellant, v. SOULANT

---

(July 5, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Libel and Slander— Par. 1, 58, 63.

Malice expressed or implied is of the essence of slander, unless it is proved no action will lie.

**2. Louisiana Digest—Libel and Slander—Par. 4, 5.**

Words uttered without malice and where none can be implied carry with them no pecuniary liability.

Appeal from First City Court. Hon. W. Alexander Bahns, Judge.

Action by Mrs. John Bocca against Seraphin Soulant.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Harry McEnerny, of New Orleans, attorney for plaintiff, appellant.

Joseph Rosenberg, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. The plaintiff sues the defendant for alleged slander.

She alleged that on June 8, 1926, the defendant called at her home to pay to her certain insurance money due to her husband, and also to collect from her husband certain insurance premiums due to certain insurance companies for which the defendant collected premiums and paid benefits; that the defendant paid to plaintiff eight dollars and eighty cents, being the amount of the weekly indemnity of $10 due to plaintiff's husband by an insurance company represented by the defendant, less a premium of one dollar and twenty cents due by plaintiff's husband to the insurance company; that on the following day defendant called upon plaintiff and told her that instead of giving her $8.80, he had given her eight dollars over and above that amount; that plaintiff denied the statement, and asserted that she had received only $8.80; thereupon defendant told plaintiff that she had received eight dollars too much and accused her of having received that money knowing that it was more than what was due to her and of refusing to return it to him, which constituted slander of plaintiff's reputation; plaintiff averred that on June 15th defendant again called upon her and repeated his charges; that defendant made his accusations in presence of certain of plaintiff's friends and on June 22nd stated the accusations over again; that these charges inferred that plaintiff was a thief, dishonest, and unreliable, and have caused her worry, annoyance and inconvenience and humiliation, for all of which she claims $300 damages.

The defendant excepted that the petition was vague and indefinite and disclosed no cause of action. For answer he admitted that he had called at plaintiff's house to pay money as stated in the petition but denied all other allegations except as admitted below; he averred that he inadvertently overpaid the plaintiff eight dollars which he discovered later; that he called on plaintiff the next day to investigate the matter, but denied that he insulted or defamed the plaintiff.

There was judgment for the defendant and the plaintiff has appealed.

The defendant testified that he was an insurance agent and had been collecting premiums from Mr. and Mrs. Bocca for the last ten years; he knew Mrs. Bocca long before he began collecting from her; he is 70 years of age; on June 8th he called at their home to pay her husband a sick benefit and to collect her insurance; the plaintiff received him, to use his own language:

"She presents me her books and I mark the books; she handed me some money and I told her I have got to pay you and I gave her the blank to sign and I gave her another one and I put the blank in my pocket and I took my pocketbook out; my habit is to put the

one-dollar bills in front, the two-dollar bills, then the ten-dollar bills. I pulled two bills out, expecting to pull two two-dollar bills, and I saw the bottom, but not the top bill; I took then 25 cents and 50 cents and 5 cents, then I took two bills out of my pocketbook and handed it to her, so I saw the botttom bill but not the top, and I said here is $4 and $2 more, I said that is $10."

He further testified that when he leaves his house in the morning he takes a certain amount for change; that morning he had three ten-dollar bills and two two-dollar bills; when he got home he had only two ten-dollar bills and one two-dollar bill; he gave no money to any one except the plaintiff; he gave her a ten-dollar bill for a two-dollar bill; the next morning he called on plaintiff and said to her: "I made a mistake when I paid you, I gave you a ten-dollar bill for a two-dollar bill." The plaintiff denied it. It would serve no purpose to copy all this witness' testimony. It all consists of the details given by him to prove to the plaintiff what he believed to be true, that he gave her a ten-dollar bill for a two-dollar bill and her answers to him to disprove his conjectures. When he returned to plaintiff's house the following week to pay the plaintiff some more money she said to him: "Don't make no mistake this time, you must have dropped your money"; so the discussion was renewed; the defendant told the plaintiff: "$8 is a very nice sum, you can buy a nice dress and sport Canal Street on my head"; he had intended paying plaintiff $10 less $1.20, by giving her two two-dollar bills, four one-dollar bills and 80 cents in change; he said to the plaintiff: "I am not accusing you of stealing, but I gave it to you by mistake"; the only persons present at this conversation were a girl from across the street and Mr. Jacobs, also a neighbor

plaintiff sent for, and her husband; no one was angry; he has continued to call on the plaintiff and to collect her dues.

The plaintiff testified as follows:

"On June 8th, Mr. Soulant came to my house to collect and I was supposed to pay him on the Globe and Acme, but the Globe was the insurance I paid for my husband, $10, so when Mr. Soulant came I went to the door and he was supposed to give me $10. He deducted $1.20 and left me $8.80; so he went off and I was sitting on my steps and I recounted my money and went off and he came back the next morning and said: 'Mrs. Bocca, how much money did I give you yesterday?' I said '$8.80.' He said, 'You are sure I did not give you a ten-dollar bill?' I said, 'If you did I did not receive it.' So he went off and on the 15th of June he came back and I paid him my insurance, $1.20, and I said, 'Mr. Soulant, did you find your money?' He said 'No, how could I find my money when I gave you the $10?'"

The plaintiff testifies that no third person was present at that conversation.

Plaintiff adds that the defendant gave her six one-dollar bills, one two-dollar bill and 50 cents, 25 cents and 5 cents. The defendant said in presence of Mr. Jacobs and of Mrs. Serio that "he knew he gave it to her." When the defendant remarked to the plaintiff that she could buy a dress with $8 she replied: "I hope you buy a ten-dollar shroud." When asked if she had invited him in she said, "No, sir. I don't ask no insurance men inside my doors."

Mrs. Sam Serio says that she heard the defendant say that he was positive he had given her the extra ten-dollar bill and that Mr. Jacobs was there. But at the same time she swears that the defendant spoke not of an eight-dollar dress, but of a ten-dollar dress.

Mr. Jacobs says he heard the plaintiff ask the defendant: "Have you found your

$10?" The latter answered: "No, how could I find it when you had it?" He also heard the remark about the dress and the shroud. They were both excited.

John Bocca, plaintiff's husband also testified that he was in bed on the 15th; he heard the conversation between his wife and Soulant. He heard her ask him if he had found his $10 and his answer, how could he, when she had it; he called Mr. Jacobs in; he also heard the words concerning the dress and the shroud; the defendant still collects at their home.

The law of slander is thus stated by our Supreme Court:

"Malice is of the essence of slander, unless it be alleged, no action can be maintained. It need not be expressly proved; it may be implied; but it must be proved." 1 H. D. 813 No. 8-21-308; Harry vs. Constantin, 14 La. Ann. 782; Haney vs. Trost, 34 La. Ann. 1146.

"Words uttered without malice and under circumstances from which no malice is in law implied, carry with them no pecuniary responsibility." Beebe vs. McNeil, 8 La. Ann. 130; Lester vs. Corley, 45 La. Ann. 1006; Mihojenich vs. Bodechiel, 45 La. Ann. 618.

When a party called another a rogue in the hearing of bystanders in a moment of irritation, and in reference to his unwillingness to settle a debt due him, and no injury resulted from such transient expression of angry feeling, held that such a case of defamation is not actionable. Graham vs. Sykes, 15 La. Ann. 48; Levy vs. McCan, 44 La. Ann. 528, 10 South. 794; 6 La. App. 636.

We see no malice express or implied in the language used by the defendant to the plaintiff under the circumstances of this case. Having ascertained the loss of a ten-dollar bill and entertaining the conviction that he had, through error, paid that bill to the plaintiff, mistaking it for a two-dollar bill, he had the perfect right to return to plaintiff's house and to inquire from her whether he had made such error. This he did. He merely inquired from the plaintiff to ascertain whether he had or not. He went no further, and passed no remark, nor expressed any opinion upon the subject. When he returned to the plaintiff's house a week later to collect premiums, plaintiff herself provoked an opinion from the defendant by asking him whether he had found his ten-dollar bill. His answer was to her alone outside of the hearing of any one. It merely expressed his conviction. She gathered the other female witnesses, and her husband sent for Jacobs. But for her speech and her conduct none would have heard of the incident. She gave it publicity. But all knew that it was a harmless misunderstanding between the plaintiff and the defendant, and none believed that the plaintiff had kept the ten-dollar bill. The husband did not believe it, nor did the two sisters, Miss Noto nor Mrs. Serio, for it was they who went to Gaudet's Drug Store for the plaintiff to exchange bills of small denomination for a ten-dollar bill which they gave to plaintiff.

If Jacobs heard defendant's remark it was because the plaintiff's husband sent for him.

The whole affair is not actionable in the absence of malice and injury.