William Clifton POOLE, Plaintiff-Appellant,

v.

Norman McKEEN, Defendant-Respondent.

No. 12902.

Missouri Court of Appeals, Southern District, Division Two.

July 5, 1983.

Peggy S. Hedrick, Springfield, for plaintiff-appellant.

Leland L. Gannaway, Springfield, for defendant-respondent.

PREWITT, Judge.

Plaintiff-appellant sought by replevin to gain possession of a 1974 Jaguar automobile owned by him. Defendant counterclaimed for $3,439.20, contending that at plaintiff's "special instance and request" he had performed "repairs and overhaul work" to the vehicle for which he was due $3,439.20. Defendant had refused to deliver possession of the vehicle to plaintiff until paid. He apparently claimed possession under a common law artisan's lien as there was no written request for the work performed which might have entitled him to a statutory lien. See MoBar CLE, Creditors'-Debtors' Remedies, § 5.40 (3d ed. 1975); § 430.-020, RSMo 1978; § 430.082, RSMo 1978.

Plaintiff's petition claimed the vehicle had a value of $1,500 and plaintiff posted a $3,000 bond and sought immediate possession of the vehicle. See Rule 99.06. A writ of replevin was issued but the sheriff was not able to locate the vehicle. Thereafter, plaintiff filed an amended petition alleging that the car, "after the improvements of $1300.00, would have had an actual value of $10,000.00." No additional bond was posted and defendant retained possession of the car until after the trial.

At the nonjury trial plaintiff contended that defendant agreed to complete the repairs for approximately $1,000 to $1,500 pursuant to an "estimate" that defendant had made to a prior owner of the Jaguar. Defendant testified that when he learned that the repairs were more extensive than he had earlier contemplated, he discussed it with plaintiff and told him that the cost was going to be "around $3,000", and that plaintiff responded that he wanted the car by Christmas. Defendant also performed repair work to the power steering which was not included in the "estimate". Plaintiff and defendant agree that plaintiff approved those repairs at an additional cost of approximately $300. The trial court determined that defendant was due $3,139.20 for the repair work and when he was paid that amount defendant was ordered to deliver the vehicle to plaintiff.

Plaintiff paid the amount ordered and received the automobile. Thereafter, plaintiff filed a motion requesting the trial court "to re-open and correct its judgment pursuant to Missouri Supreme Court Rule 75.01" and to cite defendant for contempt, contending that the car had not been delivered in a satisfactory condition because it lacked both a battery, and a working radiator fan, and because its steering column locked in

place while the vehicle was moving. Plaintiff also contended that defendant had lied during his testimony and "since the judgment of this Court was based on perjury and fraud of this defendant, plaintiff moves that each and every finding of fact be given a re-examination". A hearing was held on the motion, and both parties presented evidence. The trial court found the issues on the motion in favor of defendant and overruled it.

We first consider the plaintiff's contention that the court erred in finding for defendant on his counterclaim because the decision was not supported by substantial evidence and was against the weight of the evidence and erroneously declared and applied the law. Plaintiff asserts that defendant failed to meet his burden of proof to show that the charges were fair and reasonable and that the work charged for was performed and defendant failed to "account" for his failure to deliver the vehicle to plaintiff when the work was completed.

There was evidence that the parties did not agree on a definite price for the repairs and that there was not a definite agreement as to the extent of the repairs. Plaintiff contended that defendant was to get the car in "running condition". Defendant contended he was initially to get the engine "running" and that plaintiff later agreed that defendant would also repair the steering. There was no evidence that the estimate, given several months before the work commenced, was in bad faith. Defendant testified that the work he did to the engine and steering was necessary, that he performed it, and that his charges were fair and reasonable. Defendant was obviously qualified to so testify.

"When a vehicle is taken to a garage to be repaired, without any agreement as to compensation, the law implies a promise to pay what the repairs are reasonably worth, considering the time, skill and equipment required". 14 Blashfield, Automobile Law and Practice, § 475.12, p. 390 (1969). See also 61A C.J.S. Motor Vehicles § 736, p. 669. There was evidence, which the trial court

believed, that after defendant commenced the repairs to the engine, he discovered that additional work would be necessary to repair it, and he advised plaintiff that the total work would cost "around $3,000" and plaintiff replied that he wanted the car by Christmas. This indicates an agreement for the work to be done. See *Auto Electric Co. v. Wilkinson,* 6 La.App. 636, 637 (1927).

Defendant had an artisan's right to retain possession of the car until paid. One who has performed labor or furnished material in repairing a motor vehicle at the request of its owner, has a common-law artisan lien to retain possession of it until paid. *State ex rel. Rueseler Motor Co. v. Klaus,* 263 S.W.2d 71, 72 (Mo.App.1953). See also Lambert, The Liens Available to a Garage Man in Missouri, and Their Priorities, 30 K.C.L.R. 1 (1962).

There was evidence to support the trial court's judgment and under our limited review, see *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), we cannot say that the judgment was erroneous. This point is denied.

We now consider plaintiff's contention that the trial court erred in overruling his motion to reopen and correct the judgment and to find defendant in contempt. Plaintiff contends that this determination was not supported by substantial evidence, was against the weight of the evidence, and erroneously declared and applied the law because: (A) defendant delivered plaintiff's car in a condition contrary to what he testified at trial and contrary to the trial court's order because the car did not have all of its necessary parts and was not in a running condition, and (B) defendant failed to show any excuse or defense for his failure to comply with the trial court's order and therefore the trial court's failure to reopen, amend the judgment and cite defendant for contempt was arbitrary and capricious.

Defendant testified that he was only to get the engine in running order and that besides the steering, he was not to repair other parts of the automobile. He said when he received the car it did not have a

functioning battery. The trial court was justified in finding that defendant was only to place the engine in good running order and correct the steering and that he did so. Plaintiff's evidence in support of his motion did not indicate that the engine or steering repairs were faulty but showed that other repairs were not made to put the car in "running condition".

Plaintiff's evidence showed that there was no battery with the vehicle when delivered to him, that it overheated because of lack of a radiator fan, and that it would not pass an inspection to secure a Missouri title because it needed one windshield wiper blade. There was also evidence that while the vehicle was sitting in a relative's driveway shortly after it was received from defendant, that the "transmission fluid and the steering gear oil had—run out into the driveway." There was evidence that it came from the steering gear and the transmission but no explanation was given as to why it did so.

 The defendant could not have been in contempt as the only thing he was ordered to do was to turn over the vehicle upon payment, which he did. There was no order that it be in any particular condition. "To support a charge of contempt for disobedience of a judgment, decree or order, the court's pronouncement may not be expanded by implication in the contempt proceeding". *Carter County R–1 School District v. Palmer*, 627 S.W.2d 664, 665 (Mo. App.1982). This point is denied.

Plaintiff also contends that there was "plain error", see Rule 84.13(c), in the trial court's lack of attention to the evidence and its lack of understanding of the issues being presented because the trial court did not understand the facts and issues during the course of the trial and erroneously declared them in its findings of fact and conclusions of law. Plaintiff claims the judgment resulted in manifest injustice to him since he was forced to pay it and take delivery of the car without defendant showing by substantial and competent evidence that the car was in a running condition.

We find no error apparent in the court's attention to the evidence of this case and no significant error in the facts as found. The trial judge did not have available to him a transcript of the testimony, so it is not unusual that there could be minor deviations from his findings and some of the testimony, but his material findings were supported by the record. The errors, if any, were not of such magnitude as to require reversal under our limited review. There was substantial evidence to support the trial court's findings and we cannot say, giving deference to the trial judge's ability to observe the witnesses and determine their credibility, that any manifest injustice occurred.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.