**CITY OF KANSAS CITY,**
**Mo., Respondent,**

v.

**Lloyd E. BRAMMER, Appellant.**

**No. WD 45290.**

Missouri Court of Appeals,
Western District.

Submitted July 7, 1992.

Decided Sept. 8, 1992.

J. Jay Hemenway, Legal Aid of Western Missouri, Kansas City, for appellant.

James G. Lindquist, Asst. City Prosecutor, Kansas City, for respondent.

Before KENNEDY, P.J., and SPINDEN and SMART, JJ.

SMART, Judge.

This case presents the issue of whether a person can be charged with stealing automobile repair services under an ordinance which prohibits the stealing of property. Lloyd Brammer appeals from a judgment finding him guilty of stealing services under Kansas City Municipal Ordinance § 26.-50, which prohibits the stealing of property.

Judgment is reversed.

On May 5, 1988, Lloyd Brammer purchased a transmission from AAMCO for his white 1977 Pontiac Grand Prix. Along with the purchase of the transmission, Brammer also purchased a lifetime guarantee from AAMCO on his new transmission. Subsequently, Brammer removed the transmission from the white Grand Prix and installed it in a brown automobile. On June 25, 1992, Brammer brought the brown automobile to the AAMCO service station for repair work needed on the transmission. The content of the communications Brammer had with representatives of AAMCO are disputed. James Lamar, sales manager for AAMCO, testified that he informed Brammer that AAMCO could reinstate the warranty, transferring it from the White Grand Prix to the brown car for a charge ranging between $300.00 and $400.00. Lamar further testified that on June 26, 1992, Brammer authorized the charge of $361.68, which included the reinstatement fee plus the repair work, pursuant to a telephone conversation between Lamar and Brammer. However, Brammer testified that it was his understanding that the warranty would be reinstated on the brown car for, at most, a small charge. He testified that he did not authorize a charge of $361.68. Brammer further testified that had he known of the charge, he would not have reinstated the warranty.

After the work was completed, Brammer, using an extra set of keys, took the car from AAMCO without paying.[1] Brammer was arrested and charged with stealing services in violation of Kansas City Municipal Ordinance § 26.50. On May 21, 1991, Brammer was found guilty. On September 6, 1991, he was sentenced to thirty days in jail, which was suspended. He was placed on unsupervised probation for one year and required to pay AAMCO restitution in the amount of $360.00. Brammer appeals from this judgment.

■ Defendant Brammer argues on appeal that the trial court erred in assuming jurisdiction over the charged violation of § 26.50 because the information filed by the City did not allege an essential element of the ordinance, that is that defendant appropriated "property" in violation of § 26.50. The ordinance provides that: "It shall be unlawful for any person to intentionally steal the *property* of another, either without his consent or by means of deceit." The information that defendant was charged with states that defendant "did intentionally appropriate the *services* of another ... the repair of a vehicle transmission and then refuse to pay for said services, valued at $361.68." Each essential element of the crime charged must be present in the charging instrument. *State v. Brooks* 507 S.W.2d 375 (Mo.1974); *State v. Gilmore*, 650 S.W.2d 627 (Mo. banc 1983). The word "property" is an essential element of the offense charged against Brammer since it is specified in the ordinance. The word "property" does not appear in the charging instrument.

■ This court is required to interpret § 26.50 to determine if theft of "services" satisfies the omitted essential element of the crime provided in § 26.50, theft of "property." If the term "services," as used in this charge, is not found to be incorporated in the definition of "property," then this court must find that defendant was improperly charged under § 26.-50. Property is defined under § 26.50 as follows:

owner could constitute the crime of stealing the car because of the lien holder's superior right to possession of the vehicle. *See* 50 Am.Jur.2d Larceny § 86.

---

1. The record does not show that AAMCO had perfected a garage person's lien pursuant to § 430.082, RSMo 1986, which requires the work authorization to be in writing. Where there is a lien, the removal of the car by the general

Property shall mean everything of value whether real or personal, tangible or intangible, in possession or in action, and shall include but not be limited to the evidence of debt actually executed but not delivered or issued as a valid instrument and all things defined as property in Sections 556.070, 556.080 and 556.090, Revised Statutes of Missouri.

Sections 556.070, 556.080 and 556.090 defined property to include only real and personal property. No mention of services exist in the language of these statutes. However, these statutes have been revised and incorporated in § 570.030.[2] This statute does include services, stating that "[a] person commits the crime of stealing if he appropriates *property or services* of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." The word "services" is then defined by § 570.010, RSMo Supp. 1992 as "transportation, telephone, electricity, gas, water, or other public service, accommodation in hotels, restaurants or elsewhere, admission to exhibitions and use of vehicles." None of the examples of services listed in § 570.010 encompass repairs made to an automobile. It is, therefore, apparent from the text of the statutes that services rendered for repairs made to an automobile were not intended to be included as property defined in § 26.50. Further evidence of the intention of the drafters of the criminal code to exclude repair work from the definition of "services" can be found in the Comment to the 1973 Proposed Code, found immediately following § 570.010 in Vernon's Annotated Missouri Statutes, under the section labeled "services," which provides: "labor and professional services have been intentionally omitted because it was felt that including them might result in the local prosecutor becoming a collection agent."

The evidence adduced at trial showed that the repairs made to the transmission included property, such as parts and fluids, and that this property was stolen. Perhaps the City could have charged defendant with theft of *property* under § 26.50 for the theft of the parts and fluid.[3] However, the City decided to charge defendant with theft of services for the actual repairs made to the transmission. The City argues that part of the services in question included property, and therefore, the charge fit the ordinance. What is required, however, is that the charge not only fit the ordinance, but that the way it fits the ordinance is expressed in the charge. Here it was not. Accordingly, this court holds that the information charging defendant with stealing services in violation of § 26.50 omitted an essential element of the crime charged because it did not include property in the charge. Based on the foregoing analysis, the judgment of the trial court is reversed.

All concur.

---

**2.** Kansas City Municipal Ordinance § 26.50 has not been revised to incorporate § 570.030, RSMo Supp.1992 specifically in its text. However, since § 570.030 is the successor statute to §§ 556.070, 556.080, and 556.090, the court will assume for purposes of this case that this new statute guides this court in interpreting the definition of "property" as used in § 26.50 (since such a construction is more likely to aid the defendant in this case).

**3.** If there were no garage persons's lien established pursuant to § 430.082, RSMo 1986, and if the parts were incorporated into the vehicle, as to which the owner had the immediate right of possession, it would seem that the removal of the vehicle could not constitute a crime in the absence of some intentional deception by which the repairs were induced. Indeed, Defendant contends that the trial court erred in assuming jurisdiction over this action because the evidence adduced at trial revealed the nature of this dispute as a matter of contract law and not a matter appropriate to criminal prosecution. In other words, Brammer contends that even if the formal charge had included an allegation of stealing property (to wit: repair parts and transmission fluid), he still could not be prosecuted. Brammer contends the charge must include an element of criminal intent to defraud through intentional misrepresentation, either implicitly or explicitly. He contends that here there could be no reasonable basis for inferring an intent to defraud. *See State v. Morris*, 699 S.W.2d 33, 36 (Mo.App.1985). Because of the fact that this court reverses on other grounds, it is not necessary to reach that issue or any of defendant's other points on this appeal.