Valmore L. **WOOLFORD**, Jr.,
Defendant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. ED 78254.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 16, 2001.

Amy M. Bartholow, Asst. Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Oscar Wilde feared that modern man knew the cost of everything, but the value of nothing. In this case, we encounter a witness who seemingly knew neither cost nor value, and, as a consequence, we cannot affirm the felony stealing conviction that rested upon that witness's indefinite testimony on the crucial question of value. Although we cannot affirm Defendant's conviction for theft of property valued at $750.00 or more, we do affirm our commitment to a higher value: that no person may stand convicted absent substantial proof of each element of a charged offense.

Defendant, Valmore Woolford, appeals the judgment entered upon his convictions for first-degree burglary, Section 569.160 RSMo. (2000),[1] second-degree burglary, Section 569.170, first-degree robbery, Section 569.020, armed criminal action, Section 571.015, and stealing property with a value of $750 or more, Section 570.030, as a persistent offender. He propounds four claims of error. We summarily deny three of these claims and find that no jurisprudential purpose would be served by an exposition of the facts and law.[2]

---

1. All further statutory references are to RSMo. (2000) unless otherwise specified.

2. The parties have been furnished with a memorandum opinion, for their information

Defendant's fourth claim of error requires our consideration in a published opinion. Defendant alleges that the trial court erred in overruling his motions for judgment of acquittal on the felony stealing charge because the evidence was insufficient to support his conviction of stealing property with a value of $750.00 or more. Defendant claims the evidence failed to establish beyond a reasonable doubt that items had a market value of at least $750.00 at the time of the alleged crime. Finding the evidence is insufficient to support the felony stealing conviction, we reverse the felony stealing conviction, enter a conviction of class A misdemeanor stealing, and remand for resentencing.

### FACTS

Following a break-in of a home, Defendant was charged with stealing property valued at $750.00 or more, a class C felony under Section 570.030. At trial, the homeowner identified numerous items of jewelry taken from his home, including wrist watches, old pocket watches, cufflinks, tie tacks, collectible pins, a money clip, a golf tee, and a cigarette lighter. The only evidence of value adduced at trial was the homeowner's testimony:

Q: And are the approximate combined value of these items would it exceed seven hundred fifty dollars in your estimation?

A: Probably, yeah. I don't know the value of those old watches. I don't know the value—I would guess that would be a fair approximation.

### STANDARD OF REVIEW

██ When reviewing a challenge to the sufficiency of the evidence, our review is limited to determining "whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993), *quoting State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). In deciding whether the evidence is sufficient to convict a defendant of a particular offense, we accept as true all evidence favorable to the state, including all favorable inferences drawn from the evidence. *Id.* We disregard all contrary evidence and inferences. *Id.*

### ANALYSIS

██ The State has the burden to prove each and every element of the charged offense beyond a reasonable doubt; a conviction is prohibited "except upon evidence that is sufficient fairly to support a conclusion that every element of the crime has been established beyond a reasonable doubt". *Jackson v. Virginia*, 443 U.S. 307, 314–15, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Rowe*, 838 S.W.2d 103, 111 (Mo.App. E.D.1992); *State v. Smith*, 33 S.W.3d 648, 652 (Mo.App. W.D.2000). Here, Defendant was charged with stealing property valued at $750.00 or more, a class C felony under Section 570.030. To convict for class C felony stealing, the State was required to prove by substantial evidence that "the value of the property .... appropriated is seven hundred fifty dollars or more; ....". Section 570.030.3(1);[3] *See also, State v. Jones*, 843 S.W.2d 407, 408 (Mo.App. E.D. 1992); *State v. Boone Retirement Center*,

only, setting forth the reasons for our decision pursuant to Rule 30.25(b). These allegations of error involve: (1) admitting evidence from an earlier police stop and search; (2) limiting the scope of cross-examination; and (3) overruling Defendant's motion to suppress.

3. For purposes of Chapter 570, value is defined as "the market value of the property at the time and place of the crime...." Section 570.020(1).

*Inc.*, 26 S.W.3d 265, 272 (Mo.App. W.D. 2000). Substantial evidence is "competent evidence from which the jury can reasonably decide the case". *Boone Retirement*, 26 S.W.3d at 272.

On review, we find there is insufficient evidence to support the conviction for felony stealing. Testimony that the approximate combined value of the stolen items "probably" exceeded $750.00 and that the homeowner "guess[ed] that would be a fair approximation" is too indefinite to constitute substantial evidence from which a jury could reasonably decide, beyond a reasonable doubt, that the market value of the jewelry at the time and place of the crime was at least $750.00. We do recognize that an owner is competent to testify as to the value of his personal property. *State v. Jenkins*, 776 S.W.2d 59, 62 (Mo. App. S.D.1989). We also recognize the general rule that the "testimony of a single witness, if deemed credible by the jury, may be considered sufficient for conviction, though that testimony is uncertain or inconsistent". *State v. Platt*, 496 S.W.2d 878, 881 (Mo.App.1973); 23 C.J.S. Criminal Law § 1097. However, we will not support a conviction based on probabilities and speculation. "[A] conviction cannot be based on the uncorroborated testimony of a single witness if it is so indefinite . . . . that it would be unsafe to rest a conviction thereon." 23 C.J.S. Criminal Law § 1097.

Without substantial evidence of value, an essential element of the felony stealing charge is not proved, and thus Defendant's conviction for class C felony stealing must be reversed. However, this does not mandate Defendant's discharge on this count. *Cf. State v. Hedrick*, 637 S.W.2d 306, 308 (Mo.App. W.D.1982). An appellate remedy should extend no further than the scope of the wrong. *State v. Roe*, 6 S.W.3d 411, 417 (Mo.App. E.D.1999). Where, as here, a conviction of a greater offense has been overturned for insufficient evidence, we can enter a conviction on the lesser-included offense if the evidence was sufficient for the jury to find each of the elements of a lesser-included offense and the jury was required to find those elements in reaching its verdict on the greater offense. *State v. O'Brien*, 857 S.W.2d 212, 220 (Mo. banc 1993).

Accordingly, we enter a conviction of class A misdemeanor stealing. Misdemeanor stealing is a lesser-included offense of felony stealing. *State v. Smith*, 988 S.W.2d 71, 82 (Mo.App. W.D.1999). Under Section 570.030.7, if no penalty is specified, a violation of Section 570.030 is a class A misdemeanor. Defendant only challenges the sufficiency of evidence on the element of value. No challenge is made as to the other elements of the offense of stealing. In reaching its verdict on the felony stealing charge, the jury necessarily had to find each of the elements necessary to support a conviction for misdemeanor stealing: that the Defendant had appropriated property owned by another, without the owner's consent, with the purpose of depriving the owner of that property. Section 570.030. We find the State did present sufficient evidence to establish the elements of misdemeanor stealing.

Thus, we reverse Defendant's conviction of class C felony stealing. We enter a conviction of class A misdemeanor stealing. We remand for resentencing on this conviction. We affirm the judgment entered upon Defendant's conviction for first-degree burglary, second-degree burglary, first-degree robbery and armed criminal action.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.