**STATE of Missouri, Respondent,**

v.

**Lorenzo ECFORD, Appellant.**

**No. ED 88967.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 20, 2007.

Rosalynn A. Koch, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel N. McPherson, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Lorenzo S. Ecford ("Owner") appeals from the judgment of the trial court entered after a jury convicted him of one count of stealing by deceit in excess of $500, in violation of section 570.030.3 RSMo Cum.Supp.2004.[1] The trial court sentenced Owner as a prior offender to four years' imprisonment, with a suspended execution of sentence, five years' probation, thirty days' shock time, and ordered him to pay restitution. We reverse and remand.

In March 2005, Owner left a 1990 Cadillac DeVille ("car") at Dowell's Pit Stop in Monroe County for repair work. Owner had recently purchased the car for $500. "Shorty" Dowell, the owner of Dowell's Pit Stop could not fix the car, and had Phillip Hathaway ("Mechanic"), owner of the Muffler Man, another auto repair shop across the street, tow the car to his store. Dowell, and thereafter Owner, verbally authorized Mechanic to fix the car. Initially it was thought that the problem was the timing chain, which Mechanic told Owner would cost about $400 to fix. The problem proved to be something else, and Mechanic spent in excess of six weeks trying to find the main problem, which was a loose wire, and repair it, in the process replacing a number of parts, apparently on a trial-and-error basis. Owner called Mechanic frequently about the car during the first several weeks, and Erma Ecford, Owner's wife ("Wife") also called Mechanic as well. Eventually Mechanic traced the principal problem, and fixed it. He told Owner or Wife that the cost of the parts and labor was in excess of $1,900, and Owner indicated that he would pick up the car. While an estimated cost of $400 to $500 was discussed early on between Owner and Mechanic, the cost was not discussed at any later point prior to Mechanic informing Wife of the final bill.

Owner went to Mechanic's shop and asked to test drive the repaired vehicle. Mechanic let him take the car. Owner did not return the vehicle and pay Mechanic for the repair work. Mechanic did not know Owner's last name, phone number, or his home address, and apparently never asked Owner for any of that information. Mechanic attempted to find him, but did not try to send out a bill. After approximately twelve days, Mechanic contacted the Monroe City police. The Chief of Police of Monroe City, Rick Stone ("Chief Stone"), located Owner's home address and attempted to contact him on several occasions, leaving a note at the trailer where he resided stating that Owner needed to talk with the police. Owner did not do so.

Owner was charged with felony stealing by deceit in violation of section 570.030 for appropriating property and services in excess of $500. At trial, Mechanic, Chief Stone, and Wife testified. Mechanic's repair bill ("Bill") and several other documents were entered into evidence. The total of the Bill was $1993.60, of which

1. Unless noted otherwise, all further statutory citations are to RSMO Cum.Supp.2004.

$368.80 was for parts and the remainder for labor. Instruction No. 7 to the jury defined "deceit," "property," and "services." The definitions in the instruction tracked the language of the definitions in section 570.010 for each of those terms. The jury convicted Owner on the felony charge of stealing by deceit in excess of $500. The trial court sentenced Owner to four years' imprisonment, with a suspended execution of sentence, thirty days of shock time, and five years of probation. The trial court also ordered that Owner pay restitution to Mechanic in the amount of the Bill, plus interest. Owner now appeals from this judgment.

■ In his sole point relied on, Owner contends that the trial court erred in overruling his motion for judgment of acquittal at the close of all evidence because the State did not prove his guilt beyond a reasonable doubt. Owner argues that the State failed to prove his guilt beyond a reasonable doubt in that: section 570.010 excludes labor and repairs from the provisions of section 570.030; the State did not prove that Owner misled Mechanic into putting auto parts into the car, but rather that Owner misled Mechanic into letting him drive off with the car; and the value of the auto parts placed in the car was less than $500, the threshold amount for felonious stealing.

Owner's claims of error are essentially that there was insufficient evidence adduced at trial for the jury to convict him of felony stealing by deceit. "In reviewing a sufficiency of the evidence claim, we determine whether sufficient evidence permits a reasonable trier of fact to find guilt." *State v. McCoy*, 90 S.W.3d 503, 505 (Mo. App.2002) (*citing State v. Storey*, 901 S.W.2d 886, 895 (Mo. banc 1995)). We view the evidence and the inferences therefrom in the light most favorable to the verdict. *Id.* We disregard all evidence and inferences to the contrary. *Woolford v. State*, 58 S.W.3d 87, 89 (Mo. App.2001).

The State bears the burden of proving each and every element of the charged offense beyond a reasonable doubt. *Id.* "[A] conviction is prohibited 'except upon evidence that is sufficient to support a conclusion that every element of the crime has been established beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 314–15, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). *See also State v. Rowe*, 838 S.W.2d 103, 111 (Mo.App.1992).

■ Sections 570.010(12) and 570.010(14) respectively define "property" and "services," which is what Owner was convicted of stealing. "Property" is "anything of value, whether real or personal, tangible or intangible, in possession or in action, and shall include but not be limited to the evidence of a debt actually executed but not delivered or issued as a valid instrument[.]" "Services" include "transportation, telephone, electricity, gas, water, or other public service, accommodation in hotels, restaurants or elsewhere, admission to exhibitions and use of vehicles[.]" The statutory definition of "services" in section 570.010 has been held not to include repairs to an automobile. *See City of Kansas City v. Brammer*, 847 S.W.2d 90 (Mo. App.1992). In that case, the appellate court held that:

None of the examples of services listed in § 570.010 encompass repairs made to an automobile. It is, therefore, apparent from the text of the statutes that services rendered for repairs made to an automobile were not intended to be included as property defined in § 26.50. Further evidence of the intention of the drafters of the criminal code to exclude repair work from the definition of "services" can be found in the Comment to the 1973 Proposed Code, found immedi-

ately following § 570.010 in Vernon's Annotated Missouri Statutes, under the section labeled "services," which provides: "labor and professional services have been intentionally omitted because it was felt that including them might result in the local prosecutor becoming a collection agent."

*Id.* at 92 (footnote omitted). We note that as a general rule, "comments accompanying a uniform code when adopted have great weight in construing the code." *In the Matter of Nocita,* 914 S.W.2d 358, 359 (Mo. banc 1996).

Accordingly, Owner cannot be guilty of stealing the "services" of Mechanic by deceit, and could only be convicted for stealing the parts installed in the car, which were worth $368.80. This amount is well under $500, the minimum amount required for a felony charge of stealing under section 570.030. At most, Owner should have been convicted of misdemeanor stealing, which is a lesser-included offense of felony stealing. *See Woolford,* 58 S.W.3d at 90.

Owner argues that there was insufficient evidence presented to convict him of stealing the auto parts placed into the car by Mechanic. He contends that the State had to establish that he had the intent to cheat or defraud Mechanic when Mechanic installed the parts in the car, i.e., that he had to intend to deceive Mechanic into repairing the car. Defendant avers that his deceit in inducing Mechanic to let him test drive the car by promising to return it is not sufficient to sustain a conviction for stealing automobile parts that were incorporated into his personal property. He relies on *Brammer,* 847 S.W.2d at 92, n. 3, in support of this contention, quoting the following language: ". . . the removal of the vehicle could not constitute a crime in the absence of some intentional deception by which the repairs were induced." We note two things about this quotation from

*Brammer:* first, the quotation is dictum, because the appellate court reversed on other grounds and stated that "it is not necessary to reach that issue[,]" and second, that the quotation is taken out of context. The full quotation is as follows:

If there were no garage person's lien established pursuant to section 430.082 RSMo 1986, and if the parts were incorporated into the vehicle, **as to which the owner had the immediate right of possession,** it would seem that the removal of the vehicle could not constitute a crime in the absence of some intentional deception by which the repairs were induced.

*Id.* (Emphasis added). This is a hypothetical posed by the appellate court, predicated on the owner having the immediate right of possession. Owner did not have the immediate right of possession in the case before this Court. While Mechanic did not have a garage person's lien, as there was no written authorization for the work done on the car, he did have a common-law artisan's lien. This common-law lien was not extinguished by the enactment of statutory mechanic's liens and garage person's liens. *Lamke v. Lynn,* 680 S.W.2d 285, 288 (Mo.App.1984).

■■■ Was there a common-law artisan's lien in this case? " 'When a vehicle is taken to a garage to be repaired, without any agreement as to compensation, the law implies a promise to pay what the repairs are reasonably worth, considering the time, skill and equipment required.' " *Poole v. McKeen,* 654 S.W.2d 362, 364 (Mo.App.1983) (quoting 14 Blashfield, *Automobile Law and Practice,* section 475.12, p. 390 (1969)). A person who has supplied material or performed labor in repairing a motor vehicle at the request of the vehicle's owner has a common-law artisan's lien to retain possession of it until paid. *Id.* Accordingly, Mechanic had a common-

law artisan's lien to keep possession of the car until he was paid by Owner. If Mechanic had voluntarily surrendered possession to Owner, then he would have lost that lien, as this type of lien is dependent on possession. *See Lamke,* 680 S.W.2d at 288. The crux of the matter in this case is that Mechanic was induced to give Owner possession of the car by the deceit of the Owner who told him that he wanted to take the car for a test drive. This case is similar to that of *State v. Smith,* 684 S.W.2d 576 (Mo.App.1984). In that case, the defendant's wife, at his request, made arrangements with a mechanic to repair the defendant's 1979 Renault. *Id.* at 578. The mechanic made the repairs. *Id.* The defendant and others went to the mechanic, who agreed to let them test-drive the Renault, but told them that the repair bill would have to be paid before they could have the car back. *Id.* Another mechanic rode with the defendant, who either forced him out of the car, or drove off without him after a stop where he got out of the Renault to check something. *Id.* at 578–79. Defendant was arrested while driving the car shortly thereafter. *Id.* at 579. The appellate court discussed the law on the subject at length, and held that a person can be guilty of stealing property that he or she actually owns if that property is in the rightful possession of someone else, such as a bailee or a person with a possessory lien. *Id.* There was sufficient evidence at trial in the present case to establish that Mechanic had the right of possession of the car by virtue of a common-law artisan's lien. Owner had the right to possession of the car as against Mechanic until the discharge of that lien. *See id.* Owner's brief concedes that he misled Mechanic into letting him test-drive the car. By taking the car from Mechanic's possession, he could be guilty of stealing both the car and the parts placed therein by Mechanic. *See id.*

Owner tries to distinguish the present case from *Smith* by observing that the defendant in that case was charged with stealing the vehicle, not the parts therein. This difference is immaterial, as Mechanic was entitled to possession of the car and the parts that he incorporated therein. The State could have charged him with stealing the entire car, rather than merely the parts, but it did not do so.

■ There is not sufficient evidence in the record to sustain a conviction for felony stealing under section 570.030.3. Mechanic's labor on the car is not a "service" as defined in section 570.010(14), and hence the value of that labor, whether reasonable or not, cannot be included in the value of the property and services stolen by Owner. The value of the parts that Mechanic placed in the car was established at $368.80, which is not in excess of $500, the amount required for felony stealing under section 570.030.3. Accordingly, Owner's conviction for felony stealing by deceit must be overturned. However, where the conviction of a greater offense has been overturned for insufficient evidence, this Court may enter a conviction on the lesser-included offense if the evidence was sufficient for the jury to find each of the elements of the lesser-included offense and the jury was required to find those elements in reaching the verdict on the greater offense. *Woolford,* 58 S.W.3d at 90.

Class A misdemeanor stealing is a lesser-included offense of felony stealing. *Id.* Under section 570.030.8, a violation of section 570.030 is a class A misdemeanor if no other penalty is specified. In reaching its verdict in this case, the jury perforce had to find each of the elements necessary to support a conviction for misdemeanor stealing: that Owner had appropriated the property of another who had a possessory

interest therein, by deceit, with the purpose of depriving Mechanic, of that property. Sections 570.010 and 570.030. The State presented sufficient evidence to establish the elements of misdemeanor stealing. Therefore, this Court enters a conviction of class A misdemeanor stealing.

We reverse Owner's conviction of class C felony stealing, enter a conviction on the lesser-included offense of class A misdemeanor stealing, and remand for resentencing on this conviction.

ROY L. RICHTER, P.J., and GLENN A. NORTON, J., concur.