**STATE of Missouri, Respondent,**

v.

**William Ernest LYLES, Appellant.**

**WD 36641.**

Missouri Court of Appeals,
Western District.

Aug. 13, 1985.

C.J. Larkin, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P.J., and SOMERVILLE and NUGENT, JJ.

PER CURIAM:

Defendant William Ernest Lyles was convicted by a jury of kidnapping and resisting arrest and sentenced to a fifteen-year term of imprisonment for kidnapping and a three-year term for resisting arrest with the sentences to run concurrently. He now appeals, challenging the kidnapping conviction on the ground that the evidence was insufficient to show that he confined the victim for the purpose of using her as a hostage.

Lyles was charged with kidnapping after he held the victim captive in his house for approximately eleven hours until the police were able to enter the house and rescue her. The victim went to Lyle's house in the company of Robert Mitchell who at some point left to get some beer. When Mitchell returned, he found that Lyles had locked

the victim inside the house. Mitchell threatened to harm Lyles if he did not release her. Lyles was frightened by Mitchell and would not let the victim leave. Lyles had neighbors summon the police, but when they arrived he became afraid of them too.

Some time after the police arrived Lyles requested a written statement assuring him that he would not be punished if he released the victim. Although such a statement was prepared and delivered to his front porch, Lyles did not retrieve it. Ultimately, the police were forced to break into the house to release the victim. When they entered the house they found Lyles holding a blade with his arm around the victim's neck.

Lyles was convicted of kidnapping under that portion of § 565.110 RSMo 1978, which provides that:

> 1 A person commits the crime of kidnapping if he unlawfully removes another without his consent from the place where he is found or unlawfully confines another without his consent for a substantial period, for the purpose of
>
> . . . .
>
> (2) Using the person as a shield or as a hostage; or

.        .        .        .        .

On appeal, he contends that the trial court erred in overruling his motion for acquittal because the evidence was insufficient to show that he confined the victim for the purpose of using her as a hostage.

As the parties have correctly recognized, the term "hostage" as used in § 565.110.-1(2) has neither been defined by the statute nor interpreted by the case law. Therefore, our duty is to ascertain and give effect to the legislative intent by considering the language used in its plain and ordinary meaning. *State v. Kraus*, 530 S.W.2d 684 (Mo.1975) (en banc). The word "hostage" is defined in *Webster's New Collegiate Dictionary*, 553 (1977) as "a person held by one party in a conflict as a pledge that promises will be kept or terms met by the other party." Similarly, *The Illustrated Contemporary Dictionary, Encyclopedic Edition* at 344 (1978) defines the term as "(a) a person held as a pledge or prisoner until the terms of stipulation are met."

Lyles characterizes a hostage as someone taken or used with the purpose of gaining some desired end. He contends that the victim's confinement arose as a result of his fear of Mitchell and the police and his desire to keep them from entering his home and harming him. Lyles argues that such "confinement was not effected to wrest a gain from any party" and that, therefore, this was not a hostage situation.

Under any of the above definitions, the evidence supports the finding that the victim was held as a hostage. Regardless of Lyle's initial purpose in holding the victim captive, she became his hostage upon his demand for written assurances that if he released her he would not be prosecuted.

For the foregoing reasons, we affirm the judgment.