STATE of Missouri, Respondent,

v.

Michael E. HARRIS, Appellant,

Michael E. HARRIS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 42529.

Missouri Court of Appeals,
Western District.

Aug. 6, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1991.

Application to Transfer Denied
Nov. 19, 1991.

Lew A. Kollias, Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

TURNAGE, Presiding Judge.

Michael Harris was found guilty by a jury of burglary in the second degree, § 569.170, RSMo 1986[1] and stealing property with a value of $150.00 or more, § 570.030. The court found Harris to be a persistent offender and also found him to be a Class X offender under § 558.019, RSMo Supp.1990. The court sentenced Harris to imprisonment of 10 years on each count with the sentences to run consecutively.

Harris filed a motion under Rule 29.15 alleging ineffectiveness of counsel. The court denied that motion without a hearing. The two cases have been consolidated. Harris contends the court erred in restricting voir dire, by failing to sua sponte declare a mistrial, and in denying the Rule 29.15 motion without a hearing. The judgments are affirmed but the criminal case is remanded for a correction of the record.

Harris does not challenge the sufficiency of the evidence. Suffice it to say that in September, 1988, a lady returned to her home in Kansas City and found a man walking from the vicinity of her front door to a car parked in her driveway. She asked the man what he wanted and he said he was looking for a man so he could deliver a package. The man carried something in his arms and placed those items in the parked car and left. The lady obtained the license number and through that Harris was later apprehended.

■ Harris first contends the court erred in restricting counsel in the voir dire examination. Counsel asked the panel "[w]ho here feels that in order to vote not guilty, that they would have to hear Mr. Harris's side of the story?" The State objected and the court sustained the objection. Thereafter, counsel informed the panel that Harris would testify and Harris did testify.

Harris contends that the court erred in sustaining the objection to the question set out above. Harris contends the court erred because it denied him the opportunity to determine if any panel member would be biased against him if he did not testify.

In *State v. Walker*, 743 S.W.2d 99, 102–03[5] (Mo.App.1988), the court stated that the nature and extent of the questions counsel may ask the jury panel is vested in the discretion of the trial court. The court held that "the defendant bears the burden of demonstrating prejudice as a result of the trial court's refusal to permit the inquiry." In *Walker* the court refused to allow a question concerning prospective jurors' experience with mistaken identity. The evidence in *Walker* revealed that the victim had been with defendant for a long period of time and there was no real question of mistaken identity. The court held that in view of the evidence there was no prejudice shown in the restriction of the voir dire examination. *Id.* at 103[6].

Likewise there is no prejudice shown in this case. Shortly after asking the question concerning the failure of Harris to testify, counsel announced that Harris would testify. It is apparent that counsel knew at the voir dire stage that Harris would testify. After counsel informed the panel that Harris would testify, the question of the jurors' feeling about Harris not testifying became moot. There was no prejudice shown under the circumstances.[2]

■ Harris next contends that the court erred in failing to declare a mistrial sua sponte when the prosecutor objected to the question set out above and in the course of the objection stated "we'd all like to hear his side of the story...." Harris seeks plain error review of this point and contends that the statement was a clear and

---

1. All sectional references are to RSMo 1986, unless otherwise indicated.

2. The issue of the form of the question is not reached.

certain reference to Harris's right to remain silent. In a similar situation the court held in *State v. Wilborn*, 525 S.W.2d 87, 95 (Mo.App.1975), that plain error had not occurred. In that case, the prosecutor, in objecting to a voir dire question concerning the failure of the defendant to testify, stated "[l]et him speak for himself if he pleaded not guilty...." The court noted that the comment was not made in argument but was in response to a question by defendant's counsel. The court said that the statement read in context did not imply that the defendant should testify. In this case the prosecutor's comment did not refer to Harris's right to remain silent. The full statement by the prosecutor was "we'd all like to hear his side of the story, but the question is whether they can follow the law." As in *Wilborn* the court witnessed the incident, heard the inflection of the prosecutor's voice and was able to determine whether the incident called for any action on its part without a request. It is only in extreme situations that the trial court has a duty to take action without a request. *Id.* This court is unable to find from this record that the failure of the trial court to take action sua sponte resulted in a miscarriage of justice.

█ On appeal from the denial of his 29.15 motion Harris contends that the court erred in ruling on the motion without an evidentiary hearing. The only allegation of ineffectiveness of counsel was the failure of counsel to make a record of a statement made by a juror after the jury had returned its verdict to the effect that the judge had coerced the jury into returning a verdict. The court in *Robinson v. State*, 785 S.W.2d 323, 324[1] (Mo.App.1990), stated the well known rule that an evidentiary hearing is not required if the motion, files and records conclusively show that the movant is not entitled to relief. The only allegation of ineffectiveness was the failure to raise an issue which would have involved an attempt to impeach the jury verdict. It is well settled that a juror may not impeach a verdict. *State v. Blaylock*, 705 S.W.2d 30, 36[10, 11] (Mo.App.1985). Thus, it cannot be said that the motion stated any ground

for relief. Harris was not entitled to an evidentiary hearing.

█ It is noted that the judgment finds Harris was a Class X offender. There was no proof that Harris had three previous felony convictions and therefore such statement is in error. However, this clerical mistake can be corrected by nunc pro tunc order without the necessity of resentencing. *State v. Daniel*, 767 S.W.2d 592, 593[4] (Mo.App.1989).

The judgments are affirmed but the criminal case is remanded with directions to enter a *nunc pro tunc* order striking from the judgment the finding that Harris was a Class X offender.

All concur.