**STATE of Missouri, Plaintiff–Respondent,**

v.

**Anthony IVY, Defendant–Appellant.**

**Anthony IVY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**Nos. 58271, 62179.**

Missouri Court of Appeals, Eastern District, Division Two.

April 6, 1993.

John Klosterman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Anthony Ivy, appeals from the judgment on his convictions, after a jury trial, of murder in the second degree, robbery in the first degree, and armed criminal action. He was sentenced as a prior and persistent offender to concurrent terms of imprisonment of thirty years on each count. Defendant also appeals from the trial court's dismissal of his Rule 29.15 motion. We affirm in part and remand in part.

Defendant does not challenge the sufficiency of the evidence. The evidence, viewed in the light most favorable to the verdict, discloses that defendant robbed the victim of his money, shot him to death and left him lying in the intersection of two streets in the City of St. Louis.

On appeal, defendant first contends, and the state concedes, that the trial court erred in finding that defendant did not establish a prima facie case under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), of racial discrimination by the state in its use of its peremptory challenges during the jury selection process.

■ Defendant properly raised a *Batson* challenge to the state's strikes of African-

American venirepersons. The trial court erred in not then requiring the state to come forward with reasonably specific and clear race-neutral explanations for the strikes. *State v. Parker*, 836 S.W.2d 930, 939 (Mo. banc 1992), *cert. denied*, — U.S. —, 113 S.Ct. 636, 121 L.Ed.2d 566 (1992).

■ Accordingly, we remand this case to the trial court for a hearing to determine whether the state exercised its peremptory strikes in a discriminatory manner. *See State v. Kalter*, 828 S.W.2d 690, 692 (Mo. App.1992). Defendant's first point is granted.

■ Defendant next contends, and the state concedes, that the trial court erred in sentencing defendant as a prior and persistent offender.

A "prior offender," for purposes of determining the minimum prison term to be served, "is one who has previously pleaded guilty to or has been found guilty of one felony." Section 558.019.4(1) RSMo (1986).[1] A "persistent offender," on the other hand, "is one who has previously pleaded guilty to or has been found guilty of two felonies committed at different times." § 558.019.4(2). This distinction is significant when applied to this case; while a prior offender is required to serve a minimum term of forty percent of his sentence, a persistent offender must serve at least sixty percent of his sentence. Section 558.019.2.

At trial the state introduced evidence of defendant's prior conviction on a drug-related offense. Accordingly, the court found defendant to be a prior offender. Yet when completing the judgment and sentencing form, the court checked the boxes for both "prior offender" and "persistent offender." There was no evidence, however, that defendant was convicted of two felonies committed at different times.

■ This clerical mistake can be corrected by a nunc pro tunc order, which is used to make the record conform to what actually was done where there is a basis in the record supporting such an amendment. *Laney v. State*, 783 S.W.2d 425, 427 (Mo.

App.1989). Point two is therefore granted and we remand with directions to correct the judgment, which mistakenly found defendant to be a persistent offender. *See State v. Harris*, 817 S.W.2d 523, 525 (Mo. App.1991).

■ Defendant next claims the trial court erred when it, sua sponte, struck two potential jurors upon the singular finding that each of these individuals had previously served as jurors within the last year. This finding entitled each juror to be excused pursuant to § 494.430(2), RSMo (Cum.Supp.1992). Further, defendant has failed to both allege and demonstrate any prejudice resulting from the selection process, i.e., that the jury as chosen was not fair and impartial. *See State v. Stephens*, 699 S.W.2d 106, 107 (Mo.App.1985). Point three is denied.

■ Finally, defendant asserts as error the dismissal of his Rule 29.15 motion as time barred. Specifically, defendant challenges the absolute time limitation of Rule 29.15(b) as unconstitutional. We disagree.

Having been convicted and sentenced, defendant filed his notice of appeal on April 9, 1990. Thereafter, on July 9, 1990, the transcript for the direct appeal was filed. Defendant's motion under Rule 29.15 was not filed until October 9, 1990, well past the thirty day deadline from the date the transcript was filed. *See* Rule 29.15(b).

Defendant contends that his late filing should, nonetheless, have been reviewed based upon good cause shown. In support of his position, defendant points to the fact that he was subject to an administrative detention from July 21 to September 6, 1990, while confined at the Missouri Eastern Correctional Center. At that time defendant's personal possessions were removed from his control, including his "legal papers," pursuant to the prison facility's internal procedures. On this basis, defendant argues he was effectively deprived of the ability to comply with the mandate of Rule 29.15(b).

---

**1.** All further statutory references are to RSMo (1986) unless otherwise indicated.

We begin by reiterating the constitutionality of Rule 29.15. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom.*, *Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Furthermore, the time limitations imposed by paragraph (b) are mandatory. *Id.* Based upon the foregoing, defendant's detention does not alter the mandate of the rule. *See also, State v. Gibson*, 812 S.W.2d 521, 525–26 (Mo.App.1991) (late filing for postconviction relief not subject to good cause exception notwithstanding defendant's assertion that "someone" at court assured him motion would be forwarded to correct court); *Woodrome v. State*, 788 S.W.2d 544, 546 (Mo.App.1990) (transfer of custody did not operate to toll period of limitation under Rule 29.15). *Compare Sanders v. State*, 807 S.W.2d 493, 494–495 (Mo. banc 1991) (untimely filing of amended Rule 29.15 motion reviewable by motion court where movant establishes abandonment by postconviction counsel and absence of fault on movant's part). Defendant's fourth point is denied.

In conclusion, we remand this cause for a hearing on the *Batson* issue as previously discussed. Further, the trial court is directed to enter an order correcting the clerical mistake in the judgment. In all other respects, the convictions are affirmed. The trial court's dismissal of defendant's Rule 29.15 motion is affirmed.

PUDLOWSKI and GRIMM, JJ., concur.