**STATE of Missouri, Respondent,**

v.

**Saul JONES, Appellant.**

**No. WD 55574.**

Missouri Court of Appeals,
Western District.

Feb. 2, 1999.

Stephen M. Patton, Asst. Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

HANNA, Presiding Judge.

The defendant, Saul Jones, was convicted after a jury trial in the circuit court of Jackson County of one count of second degree assault, § 565.060, and one count of armed criminal action, § 571.015.[1] The court sentenced the defendant to consecutive terms of five years for second degree assault and three years for armed criminal action. The defendant argues that the trial court erred in failing to instruct the jury on the lesser included offense of assault third degree and in overruling the defendant's objection to the state's closing argument describing the stab wounds inflicted on the victim. No jurisprudential purpose would be served by a published opinion on either point. Thus, we affirm the convictions in accordance with Rule 30.25(b). A memorandum has been furnished to the parties explaining the basis for our decision relating to those two points.

The state brings to our attention, and the defendant has not responded, that the case should be remanded for the limited

---

1. All statutory references are to Missouri Revised Statutes, 1994, unless otherwise indicated.

purpose of correcting the written sentence to show that the defendant was a persistent offender. The state suggests that this can be done, *nunc pro tunc*, without the necessity of resentencing, presumptively because the trial court had found the defendant to be a persistent offender.

The defendant was charged in the second amended information as a persistent offender. The trial commenced on January 21, 1998. On that day, the state presented evidence that the defendant had been convicted of two prior felonies. The court found, beyond a reasonable doubt, that the defendant was a persistent offender pursuant to § 558.016.3. The court did not submit punishment to the jury, and, accordingly, the jury's verdicts did not assess punishment.

The formal pronouncement of sentence was entered about a month later, on February 28, 1998. At that time, neither party mentioned that the defendant had previously been adjudged as a persistent offender. The trial court did not refer to § 558.016.3, the persistent offender statute, when sentencing the defendant. Moreover, when the written sentence was filed, there was no mention that the defendant had been found as a persistent offender or that he was sentenced in accordance with the statute.

In *Johnson v. State*, the defendant plead guilty to distributing marijuana. 938 S.W.2d 264 (Mo. banc 1997). The trial court found the defendant was a persistent offender pursuant to § 558.016.3, apparently at the plea hearing. *Id.* at 264. At the formal sentencing, the court orally pronounced sentence but did not mention that the sentences were pursuant to the persistent offender statute. The written sentence and judgment specified that the defendant was a persistent offender. *Id.* at 265. The defendant argued that the written and oral sentences were inconsistent and that the oral sentence was controlling. *Id.* at 264–65. Accepting that the oral sentencing is generally controlling, the Court rejected a technical, mechanistic rule and first analyzed the case on the basis of the trial judge's intent. *Id.* at 265. The court observed that there was extended discussion at the plea hearing about the persistent offender statute and its application to the defendant. At the sentencing hearing, the trial judge again noted that the defendant had pleaded guilty as a persistent offender, and that the court sentenced the defendant in accordance with his plea agreement. *Id.* at 266. Based on these facts, the Court had no trouble concluding that it was the trial judge's intent to sentence the defendant as a persistent offender at the time of the oral pronouncement of sentence. *Id.* at 265–66.

This portion of the *Johnson* analysis will not allow us to reach the same conclusion. The facts here are that there was a brief presentation of evidence of two prior felony convictions and a finding by the court that the defendant was a persistent offender. There was no submission or assessment of punishment by the jury. Some thirty days after trial, at the formal sentencing, there was no mention, either in the oral or written sentences, that the trial judge intended to sentence the defendant as a persistent offender.

However, the supreme court continued its analysis in *Johnson*, and held that, notwithstanding its discussion of the trial court's intent, the trial court had no discretion to ignore the defendant's status as a persistent offender. *Id.* at 266. The Court noted that "[o]nce the defendant is found to be a persistent offender, the enhancement provision is automatic: 'If the defendant is a persistent offender, the minimum prison term which the defendant shall serve shall be sixty percent of his sentence.'" *Id.* (quoting § 558.019.2(2), RSMo 1986).

 As noted, Mr. Jones was found to be a persistent offender. The trial court made the appropriate factual findings prior to the commencement of trial. Thus, "the court could not have sentenced him to anything other than a persistent offender."

*Id.* at 266. The statute gives the court no discretion. The fact that it was not mentioned during the oral sentence is of no consequence. *Id.* It need not be restated at the oral pronouncement of sentence. *Id.* Nothing in the persistent offender statute imposes a requirement that the trial court specify that the sentence is in accordance with § 558.016. *Id.* at 265 n. 9. Therefore, the fact that the court's finding that the defendant was a persistent offender was not transposed to the written judgment was a clerical error and may be corrected, *nunc pro tunc*, without the necessity of formal resentencing. Rule 29.12(c); *State v. Williams,* 956 S.W.2d 942, 948 (Mo.App.1997). The case must be remanded for the purpose of correcting that omission to reflect that the defendant was sentenced as a "persistent offender" pursuant to the provisions of § 558.016.3.

Judgment affirmed. Rule 30.25(b). Case remanded for correction of the judgment entry as directed.

ELLIS and RIEDERER, JJ., concur.