STATE of Missouri, Plaintiff–Respondent,

v.

Homer L. DUGAN, Defendant–Appellant.

No. 24259.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 25, 2002.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Audara L. Charlton, Asst. Atty. Gen., Jefferson City, for respondent.

KENNETH W. SHRUM, Presiding Judge.

The State, via an amended information, charged Homer Dugan ("Defendant") with burglary in the first degree (§ 569.160), attempted rape (§ 566.030), and armed criminal action (§ 571.015.1).[1] The State also alleged Defendant was a prior offender, § 558.016.2, because he had pleaded guilty August 2, 1993, to the felony of sexual abuse in the first degree in Jasper County, Missouri. After hearing evidence on the issue, the trial judge found Defendant was a prior offender and made a docket entry to that effect.[2]

Thereon, the jury heard S.C. ("Victim") testify that Defendant came to Victim's front door and forced his way in by grabbing her throat and brandishing a knife. Once inside, Defendant tackled Victim and held the knife to her throat. When Victim screamed, Defendant put his hand over her mouth and threatened to kill her if she did not shut up. He then ordered Victim to take off her clothes, telling her he would kill her if she did not do as directed. As Victim prayed for Defendant to stop, Defendant said, "God [isn't] going to help [you] now." During the assault, Defendant also threatened to rape Victim's roommate if she came home. After Defendant gave Victim a time limit in which to remove her clothes or be killed, Victim disrobed. Ultimately, Defendant took off his clothes and positioned himself between Victim's legs. Defendant, however, never completed the rape as he was unable to get an erection. Based on this and other evidence, the jury found Defendant guilty on all counts.

At the sentencing hearing, the trial court asked the respective lawyers about the range of punishment for each crime. The prosecutor responded by stating a maximum punishment for each crime consistent with Defendant being a prior offender, not a persistent offender. Stated otherwise, the prosecutor informed the court of a range of punishment that was less than the maximum punishment possible under § 558.016.7 for a persistent offender.[3] The defense attorney agreed the

---

**1.** All statutory references are to RSMo (2000) unless otherwise stated.

**2.** On the first day of trial, after the State presented evidence about Defendant's prior offense, the trial judge announced: "The Court finds [Defendant] to be a prior offender, not a prior persistent, but a prior offender as provided by Missouri statute." The docket entry on the first day of trial recited, "Court finds Defendant to be a prior offender."

**3.** In pertinent part, § 558.016.7 provides: "7. The total authorized maximum terms for a persistent offender ... are:
   "(1) For a class A felony, any sentence authorized for a class A felony;
   "(2) For a class B felony, a term of years not to exceed thirty years;
   "(3) For a class C felony, a term of years not to exceed twenty years;
   "(4) For a class D felony, a term of years not to exceed ten years."

ranges of punishment as announced by the prosecutor were correct. Thereon, the court sentenced Defendant to a prison term of 15 years on the burglary conviction, 30 years on the attempted rape conviction, and 125 years on the armed criminal action conviction. The court ordered these terms of imprisonment to be served consecutively.

Although the court had earlier found Defendant to be a prior offender and not a persistent offender, the docket entry made on the sentencing date included the following:

"The Court further finds that the Defendant is a prior and persistent offender, and said sentence assessed and imposed above are to be considered against a prior and persistent offender for purpose of enhancement of sentence and in determination of the minimum times to be served before consideration for probation or parole."

Moreover, the "Sentence and Judgment" records that the court found Defendant to be a prior and persistent offender.

Defendant's single point on appeal maintains the trial court "erred in entering judgment and sentence finding [Defendant] to be a prior and persistent offender and in considering that erroneous finding when deciding the appropriate punishment." Section 558.016(3) defines a "persistent offender" as "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." As Defendant points out, the evidence here supports only one finding, i.e., that he was a prior offender, not a prior and persistent.

The State concedes Defendant is right when it claims the sentence and judgment were erroneous as no evidence exists to show Defendant was a persistent offender. However, the State argues against reversal and remand, in part, because the prosecutor filed a post-appeal motion asking the trial court to enter a *nunc pro tunc* order to correct the sentencing error. A supplemental legal file submitted to this court reveals that the trial court sustained the prosecutor's motion and ordered the sentence and judgment corrected to show Defendant was only a prior offender, not a persistent offender. The trial court's *nunc pro tunc* order renders moot Defendant's request for reversal and remand to correct sentencing.

■ Rendering a judgment is a judicial act of the court. *State v. Williams*, 797 S.W.2d 734, 738 (Mo.App.1990).

"Its entry upon the record is a ministerial act of the clerk. A judgment derives its force from the rendition of the court's judicial act and not from the ministerial act of its entry upon the record. Between the judicial act of the court in rendering judgment and the ministerial act of entering it upon the record, the rendition controls."

*Id.* at 738[1] (citation omitted).

■ Here, there was no evidence that Defendant had been convicted of two felonies committed at different times. The court's finding that Defendant was a prior offender, not a persistent offender, was consistent with the evidence on this subject. Consequently, the errors in the sentencing and judgment form, i.e., checking the boxes for both "prior offender" and "persistent offender," and the errors in the docket entry were clerical mistakes. *See State v. Ivy*, 851 S.W.2d 71, 73 (Mo.App. 1993); *Williams*, 797 S.W.2d at 738. Because they were clerical mistakes, the trial court could correct them by a *nunc pro tunc* order, "which is used to make the record conform to what actually was done where there is a basis in the record supporting such an amendment." *Ivy*, 851 S.W.2d at 73[4]. Here, there was a basis

in the record to support the trial court's correction of the record. This having been accomplished, there is no need to reverse and remand to correct the judgment and sentence.

Moreover, the record refutes Defendant's additional claim that he is entitled to resentencing on the theory the court possibly imposed greater sentences in the mistaken belief Defendant was a prior *and* persistent offender. First, the trial judge found Defendant was a prior offender—not a persistent offender—before sentencing. Second, the trial judge's comments and conduct reveal he understood throughout (including when the sentence and judgment were rendered) that Defendant was a prior offender. For instance, after the jury returned its verdicts, the court addressed the jurors as follows:

> "So that you may know, you do not deal with the matter of sentencing. The defendant was found by the Court to previously have been convicted of an offense in 1991 involving a sexual contact with a person less than 12 years old. The range of punishment the defendant faces in the charges you have found him guilty of is: Count 1, five to fifteen years; Count 2, ten years to life; Count 3, three years to life, each of the last two having a mandatory 80 and 100 percent, respectively, amount of time that he must serve for the sentence imposed by the court."

As this quote shows, the court referred only to one prior conviction and stated the correct punishment range for a prior offender and not a persistent offender. Later, at the sentencing hearing, the range of punishment discussion was appropriate for a prior offender, not a persistent offender. Moreover, the sentences imposed by the trial court were within the "prior offender" range. Finally, if the trial court did impose greater sentences than it otherwise

would have due to its mistaken belief that Defendant was a persistent offender (as Defendant now claims), it could have suggested that fact to this court by refusing to correct the sentence and judgment. That, however, did not happen. To the contrary, the trial court promptly entered the *nunc pro tunc* order per the prosecutor's post-appeal request. Under the circumstances, we find no merit to Defendant's argument. Point denied.

The judgment and sentence, as amended by the trial court to reflect Defendant was a prior offender, are affirmed.

MONTGOMERY, J., concurs.

BARNEY, C.J., concurs.