STATE of Missouri,
Plaintiff/Respondent,

v.

Anthony CARROLL,
Defendant/Appellant.

No. ED 86261.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 19, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 24, 2006.

Application for Transfer Denied
Dec. 19, 2006.

William J. Ekiss, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Assistant Attorney General, Jefferson City, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., and MARY K. HOFF, J., and NANNETTE A. BAKER, J.

## OPINION

### PER CURIAM.

Anthony Carroll (Defendant) appeals from the trial court's judgment and sentence imposed after a jury verdict convicting Defendant of: 1) one count of first-degree robbery, in violation of Section 569.020 [1]; 2) two counts of forcible sodomy, in violation of Section 566.060; 3) three counts of armed criminal action, in violation of Section 571.015; 4) one count of first-degree burglary, in violation of Section 569.160; and 5) one count of misdemeanor stealing, in violation of Section 570.030.[2] After finding beyond a reasonable doubt that Defendant was a prior and persistent offender, the trial court sentenced Defendant to: 1) 20 years for robbery; 2) 30 years for each count of forcible sodomy; 3) 20 years for each count of armed criminal action; 4) an enhanced term of 20 years for burglary; and 5) 30 days, to be served concurrently with the other sentences and with credit given for time already served, for stealing. Except for the sentence for stealing, all sentences were to be served consecutively, totaling 160 years' imprisonment.

Defendant raises two points on appeal challenging his convictions and sentences. We affirm the judgment as to Defendant's convictions and sentences imposed, pursuant to Rule 30.25(b), and we have addressed Defendant's claims in a separate memorandum for the parties' information only. However, for the reasons discussed below, we remand with instructions to the trial court to enter judgment *nunc pro tunc* to correct a clerical error in the written sentence and judgment by finding that Defendant was a "persistent offender."

### Procedural Background

In the indictment, the State charged Defendant as a prior and persistent offender. During trial, at the close of the State's evidence, the trial court held a hearing outside the presence of the jury to determine whether Defendant was a prior and persistent offender as charged.[3] The State offered the testimony of Mary Miles (Miles), a courtroom clerk for the 22nd Judicial Circuit, who testified that Defendant had pleaded guilty in July 1993 to a charge of second-degree burglary, a Class C felony, in Cause No. 931–1965 and had been represented by counsel in that case. Miles had the actual court file for Cause No. 931–1965 in her possession while she testified. The State also offered, pursuant to Section 490.130, a certified copy of the sentence and judgment form in Cause No. 522325 from the 21st Judicial Circuit,

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. The jury found Defendant not guilty of one count of first-degree burglary.

3. The trial court shall find a defendant to be a prior and persistent offender if: 1) the State pleads in the indictment or information, original or amended, or in the information in lieu of indictment, all essential facts warranting a finding that the defendant is a prior and persistent offender; 2) the State introduces sufficient evidence to warrant a finding that the defendant is a prior and persistent offender; and 3) the trial court finds beyond a reasonable doubt that the defendant is a prior and persistent offender. Section 558.021.1. "A prior offender is one who has pleaded guilty to or has been found guilty of one felony." Section 558.016.2. "A persistent offender is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.016.3. Where the trial court finds that a defendant is a persistent offender, the trial court may sentence him to an extended term of imprisonment. Section 558.016.1.

which showed that Defendant had pleaded guilty in 1986 to a charge of abuse of a child, a Class D felony, and had been represented by counsel in that case. Defendant did not object to the admission of either the court file for Cause No. 931–1965 or the sentence and judgment form in Cause No. 522325. The trial court thereafter found, beyond a reasonable doubt, that Defendant was "a prior and persistent offender for all statutory purposes including sentencing."

During Defendant's presentation of evidence, Defendant testified on his own behalf. On cross-examination, Defendant admitted that he had been convicted of two previous felonies, burglary and abuse of a child, which corroborated the State's evidence showing that Defendant was a prior and persistent offender.

The jury later found Defendant guilty, and the trial court set a date for sentencing. In the minute entries on the docket sheet for the last day of Defendant's trial, the trial court noted that Defendant had been found to be a prior and persistent offender.

At sentencing, the trial court reiterated its previous finding that Defendant was a prior offender "subject to the penalties as provided by law" but did not mention its previous finding that Defendant was a persistent offender. The trial court then orally pronounced the sentences for each of Defendant's convictions, which included an enhanced term of 20 years' imprisonment for the first-degree burglary conviction.[4] The trial court subsequently transcribed the sentences, including the enhanced term for the burglary conviction, on a printed sentence and judgment form. The trial court also placed a mark in the box on the

form reserved for memorializing its previous finding that Defendant was a prior offender. However, the trial court omitted placing a mark in the box on the form reserved for memorializing its previous finding that Defendant was a "persistent offender." This omission constitutes a clerical error that requires our attention. *State v. Dillard,* 158 S.W.3d 291, 305 (Mo. App. S.D.2005).

## Discussion

■ The trial court may correct clerical mistakes in the judgment that result from oversight or omission. Rule 29.12(c). Missouri courts have held that mistakes in a sentence and judgment form involving the marking of boxes designated for memorializing the trial court's finding of a defendant's status as a prior or persistent offender are considered clerical mistakes. *State v. Dugan,* 69 S.W.3d 105, 107 (Mo. App. S.D.2002); *State v. Ivy,* 851 S.W.2d 71, 73 (Mo.App. E.D.1993). If there exists in the record a basis to support an amendment to the judgment and the trial court's intentions regarding the defendant's sentence are clear from the record, such mistakes can be corrected by a *nunc pro tunc* order, which is used to make the record conform to what was actually done. *State v. Collins,* 188 S.W.3d 69, 79 (Mo.App. E.D.2006); *Dillard,* 158 S.W.3d at 305; *Dugan,* 69 S.W.3d at 107; *Ivy,* 851 S.W.2d at 73.

■ Here, the record reveals that the trial court's intentions regarding Defendant's sentence were clear. The State presented evidence that Defendant had pleaded guilty to two previous felonies committed at different times. The trial

4. The authorized term of imprisonment for first-degree burglary, a Class B felony, is not less than five years and not to exceed 15 years. Section 558.011.1(2). The authorized

term of imprisonment for a persistent offender convicted of a Class B felony is not to exceed 30 years. Section 558.016.6(2).

court's finding on the record that Defendant was a prior and persistent offender was consistent with the evidence presented. Consequently, the error in the sentence and judgment form, i.e., the omission of a mark in the box designated for memorializing the trial court's finding that Defendant was a "persistent offender," was a clerical mistake that can be corrected by a *nunc pro tunc* order.

■ Furthermore, even though the trial court was silent during the formal oral pronouncement of sentence on the matter of Defendant's status as a persistent offender, the trial court's failure to mention Defendant's status was irrelevant because our examination of the entire record reveals that the trial court intended to sentence Defendant as a persistent offender. *See Johnson v. State*, 938 S.W.2d 264, 265 (Mo. banc 1997) (where the trial court's formal oral pronouncement of sentence is unambiguous, it controls; however, where the formal oral pronouncement of sentence is ambiguous or silent on an issue regarding a defendant's sentence, appellate court should examine the entire record to determine whether oral sentence or written sentence controls). In the segment of the sentence and judgment form concerning Defendant's conviction for first-degree burglary, the trial court wrote, by hand, the sentence imposed, 20 years, which was within the range of punishment provided for a persistent offender convicted of a Class B felony; hence, the trial court's omission of the mark in the box on the sentence and judgment form to designate Defendant's status as a persistent offender was of no consequence. As previously stated, the fact that the trial court omitted the recordation of its finding as to Defendant's status as a persistent offender on the sentence and judgment form was merely a clerical mistake that can be corrected by a *nunc pro tunc* order. *State v.*

*Jones*, 22 S.W.3d 194, 196 (Mo.App. W.D. 1999).

■ We also note that once the State proved, beyond a reasonable doubt, that Defendant had pleaded guilty to two prior felonies, the trial court had no discretion in finding Defendant to be a persistent offender, and the enhancement provision automatically applied. Section 558.021.1; *Johnson*, 938 S.W.2d at 266; *Jones*, 22 S.W.3d at 196; *State v. Jordan*, 947 S.W.2d 95, 97 (Mo.App. W.D.1997). The trial court was not obligated to repeat its previous finding that Defendant was a prior and persistent offender or even to mention those findings during the sentencing hearing as nothing in the persistent offender statute required the trial court to specify that Defendant's sentence was being imposed in accordance with Section 558.016; thus, the trial court did not need to restate its previous finding that Defendant was a persistent offender in its formal oral pronouncement of Defendant's sentence in order to sentence Defendant as a persistent offender. *Jones*, 22 S.W.3d at 196; *Jordan*, 947 S.W.2d at 97.

### Conclusion

Because, after an evidentiary hearing, the trial court found beyond a reasonable doubt that Defendant was a "persistent offender," pursuant to Section 588.016, we conclude that the trial court properly sentenced Defendant to an enhanced term on his conviction for first-degree burglary. Thus, we remand with instructions to the trial court to enter an amended written judgment finding Defendant a "persistent offender." *Dillard*, 158 S.W.3d at 305. In all other respects, we affirm the judgment of Defendant's convictions and sentences. We have furnished the parties with a memorandum, pursuant to 30.25(b), for their information only, regarding our resolution of Defendant's two points on appeal

and setting forth the reasons for our decision.