STATE of Missouri,
Plaintiff/Respondent,

v.

Wayne AGNEW, Defendant/Appellant.

No. ED 87758.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 20, 2007.

Shaun J. Mackelprang, Assistant Attorney General, Stephanie L. Wan, Jefferson City, MO, for respondent.

Maleaner Harvey, St. Louis, MO, for appellant.

KATHIANNE KNAUP CRANE, Judge.

Defendant, Wayne Agnew, appeals from the trial court's judgment entered on a jury verdict finding him guilty of kidnapping, in violation of Section 565.110 RSMo (2000), armed criminal action, in violation of Section 571.015 RSMo (2000), domestic assault in the second degree, in violation of Section 565.073 RSMo (2000), and unlawful

use of a weapon, in violation of Section 571.030 RSMo (2000). The trial court found defendant to be a prior offender and sentenced him to twenty years on the kidnapping count, nine years on the armed criminal action count, three years on the domestic assault count, and two years on the weapon count, all terms to be served concurrently.

On appeal, defendant challenges the sufficiency of the evidence to support a finding that he used the victim as a "hostage" as that term is used in Section 565.110. We affirm.

### FACTUAL BACKGROUND

The sufficiency of the evidence is in dispute only with respect to the "hostage" element of the kidnapping offense. On February 22, 2004, at about 10:15 a.m. defendant knocked on the door of the victim, Loretta Butler, and victim let him in. Defendant berated victim and proceeded to choke her. After he stopped choking her, defendant told victim that he was not going home because he had been evicted and that he intended to stay with her. Victim told him he could not stay. Defendant then collected the telephones in the apartment, cut the straps from a purse with a knife, and bound victim's legs with the straps. Defendant displayed the knife, and told victim that if she screamed he would cut her throat. Defendant kept victim confined throughout the day.

That evening, victim's daughter and other relatives arrived at victim's apartment. Defendant would not allow victim to open the door, and told her to tell the relatives to get away from the door, or he would slit her throat. He said, "If you don't get them away from this place, you're going to die." She told them to go away.

About 9:30 p.m., police officers knocked on the door. The officers testified that victim told them that if everybody would leave, she would be okay. Defendant told the officers from behind the door, "Since you all the police are here, then I'm going to cut this bitch's throat if I don't get a negotiator by 10:00." He added that he had a knife and would cut victim's throat if they did not get away from the area outside the door. A police officer telephoned defendant, and defendant said, "You better get me a negotiator. If you want to deal with me, you have to get me a negotiator."

Defendant then cut the cords from a telephone and a crock pot and tied victim's hands and legs with the cords. He took some knives from the kitchen and put them in his pocket, barricaded the doors with furniture, and covered a window with a blanket. He sat behind victim with victim between his legs and held a knife to her neck. He warned her that if anyone came in he would cut her throat.

Defendant sat behind victim with the knife to her neck the rest of the night. During that time, defendant untied victim's hands, but he threatened that if she tried anything she would die. An officer attempted to negotiate with defendant by telephone from about 11:20 p.m. until about 3:50 a.m. When defendant did not want to talk to police, he had victim answer the phone.

The following morning, defendant eventually calmed down and agreed to speak by telephone with a different officer. Finally, defendant allowed two officers to enter the apartment.

### DISCUSSION

In his sole point on appeal, defendant contends that the trial court erred in denying his motion for judgment notwithstanding the verdict, or in the alternative, his motion for new trial, because the state failed to provide sufficient evidence from which a reasonable juror could find him

guilty beyond a reasonable doubt of the offenses of kidnapping and armed criminal action. Specifically, the defendant maintains that the state did not prove he acted for the purpose of using victim as a hostage. He argues that he never made specific demands to the negotiators in exchange for her release and there was no evidence that he confined victim in order to extort a gain from her or someone else.

We review the denial of a motion for judgment of acquittal to determine whether the state adduced sufficient evidence to make a submissible case. *State v. Brock,* 113 S.W.3d 227, 231 (Mo.App.2003). To make this determination, we view all of the evidence, and all reasonable inferences that may be drawn therefrom, in the light most favorable to the verdict, and we disregard all contrary evidence and inferences. *Id.* We ascertain whether there was sufficient evidence from which reasonable persons could have found the defendant guilty beyond a reasonable doubt. *Id.*

Section 565.110 RSMo (2000) provides:

1. A person commits the crime of kidnapping if he unlawfully removes another without his consent from the place where he is found or unlawfully confines another without his consent for a substantial period, for the purpose of

\* \* \*

(2) Using the person as a shield or as a hostage.

Because "hostage" is not defined in the statute, we give it its plain and ordinary meaning as found in a dictionary. *Cook Tractor Co. v. Director of Revenue,* 187 S.W.3d 870, 873 (Mo. banc 2006); *State v. Lyles,* 695 S.W.2d 945, 946 (Mo.App. 1985). In *Lyles,* the court looked at definitions of "hostage" from two dictionaries. One definition was " 'a person held by one

party in a conflict as a pledge that promises will be kept or terms met by the other party.' " *Id.* (quoting WEBSTER'S NEW COLLEGIATE DICTIONARY 553 (1977)). The other definition was " 'a person held as a pledge or prisoner until the terms of stipulation are met.' " *Lyles,* 695 S.W.2d at 946 (quoting THE ILLUSTRATED CONTEMPORARY DICTIONARY, ENCYCLOPEDIC EDITION 344 (1978)). In addition, BLACK'S LAW DICTIONARY defines hostage as "An innocent person held captive by another who threatens to kill or harm that person if one or more demands are not met." *Id.* at 742 (7th ed.1999). Regardless of a defendant's initial purpose in holding a victim captive, a victim becomes a hostage when a demand is made. *Lyles,* 695 S.W.2d at 946.

Defendant held victim hostage under Section 565.110 because he held her captive in her apartment and he threatened to kill her if 1) her relatives did not leave the area outside her apartment door, 2) the police officers did not leave the area outside her apartment door, and 3) the police officers did not get a negotiator. This was sufficient evidence for a jury to find that defendant held victim as a hostage. Point one is denied.

The judgment of the trial court is affirmed.

ROY L. RICHTER, P.J. and SHERRI B. SULLIVAN, J., concur.