STATE of Missouri, Plaintiff–
Respondent,

v.

Antonio D. COLEMAN, Defendant–
Appellant.

No. 28896.

Missouri Court of Appeals,
Southern District,
Division Two.

July 17, 2008.

Irene Karns, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. General, Anna L. Bunch, Jefferson City, MO, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Antonio D. Coleman ("Appellant") appeals his conviction after a jury trial for the class C felony of possession of a controlled substance in violation of section 195.202.[1] Appellant was sentenced as a prior and persistent offender to a term of eight years imprisonment. On direct appeal from his criminal conviction, Appellant brings two points. First, Appellant argues that the trial court plainly erred when it gave a jury instruction that allegedly had the effect of coercing the jurors to reach a verdict. Second, Appellant challenges the sufficiency of the evidence because a rational juror could not find Appellant guilty beyond a reasonable doubt. Neither point has merit; the judgment is affirmed.

Viewed in the light most favorable to the verdict, the following evidence was adduced at trial. On the evening of August 3, 2006, members of the SEMO Drug Task Force and various other law enforcement agencies, including Poplar Bluff City Police, executed a search warrant at 226 South F Street in Poplar Bluff Poplar Bluff City Police Officers, Corey Mitchell and Jason Morgan, were assigned a "surveillance mission" to "work [their] way in behind the residence and let the raid team know when to come in." Officers Mitchell and Morgan were transported to an area close to the residence and approached on foot, crawling at one point to avoid a security light. Once they arrived at the rear of the residence, the officers moved into the wooded area where they were able to observe the residence and the vehicle traffic.

Officers observed a maroon, mid–1980's model, four-door Chevrolet station wagon approach from the north side of the residence, turn into the yard, and stop. The vehicle stayed there for ten minutes. During that time period, the officers observed people in the vehicle and the vehicle's brake lights go on and off several times, as though someone were touching the brakes. The officers also observed people going in and out of the residence, but no one near the car. The officers called the raid team, two police vehicles pulled in front of the

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

driveway, and a police helicopter descended. The maroon station wagon moved, but was blocked by the police vehicles. Once the helicopter lit up the area, Officer Morgan observed movement in the vehicle. One individual got out of the rear passenger side of the vehicle and ran away from the vehicle; he was pursued by Officer Mitchell, caught approximately twenty feet from the vehicle and identified as Christopher Cochran.

While Officer Mitchell was pursuing Cochran, Officer Morgan "ran up" behind the maroon station wagon, drew his duty weapon, and ordered the driver and passengers out of the car. Other officers on the scene helped to secure the people as they exited from the vehicle. The last person to get out of the vehicle, later identified as Appellant, got out of the passenger-side front seat. Officer Morgan ordered Appellant to get down on the ground. As Appellant moved to get down on the ground, Officer Morgan testified that Appellant "made a movement that suggested that he was getting rid of something." Officer Morgan walked around to the passenger side of the station wagon and "located" a digital scale next to Appellant on the ground, which he testified he had commonly seen used to weigh illegal narcotics.

Officer Morgan searched the station wagon; he found a box of sandwich bags on the dashboard, within easy reach of both the driver and passenger. On the front bench seat of the station wagon between the driver and passenger, Officer Morgan found a substance that appeared to be crack cocaine. He retrieved one of the sandwich bags, put the loose substance in it, and took a photograph of it. The laboratory analysis of the substance showed that it contained cocaine base and weighed 0.05 grams.

Appellant was initially tried on July 11, 2007, but the jury deadlocked and a mistrial was declared. Appellant's second trial was held on October 3, 2007, and the jury found Appellant guilty of the class C felony of possession of a controlled substance.

■ Appellant's first point relied on argues that the trial court plainly erred when it gave a jury instruction that allegedly had the effect of coercing the jurors to reach a verdict. In his argument, Appellant specifically identifies the exchange between the court and jurors that caused the alleged coercion; however, this exchange did not occur during the trial that is the basis for this appeal, The exchange identified in Appellant's brief as coercive actually occurred during the first trial of July 11, 2007; it did not occur during the second trial, nor did any similar conversation.[2] Appellant's claim of error never occurred in the trial which is being appealed, Statements asserted in a party's brief which are not supported by the record on appeal supply no basis for appeal. *State v. Lloyd,* 205 S.W.3d 893, 909 (Mo.App. S.D. 2006). Appellant's first point on appeal is denied.

■ Appellant's second point on appeal claims that the trial court erred in submitting the case to the jury because the evidence was insufficient to permit a rational juror to find him guilty beyond a reasonable doubt. Specifically, Appellant asserts that the evidence only showed that he was near the crack cocaine on the front seat of the car and not in possession of the controlled substance.

---

2. The record on appeal contains the note from the jury in the first trial, dated July 11, 2007, and confirms it was signed by the foreperson of the first trial. The verdict from the second trial, however, was signed by a different foreperson.

■ Appellate review is limited to a determination of whether sufficient evidence exists from which a reasonable trier of fact could have found Appellant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). When assessing a challenge to the sufficiency of the evidence, the court must accept as true all of the evidence favorable to the State, including all favorable inferences drawn therefrom, and disregard all evidence and inferences to the contrary. *Id.* The credibility and the effects of conflicts or inconsistencies in testimony are questions for the jury, and the appellate court will not interfere with the jury's role of weighing the credibility of witnesses. *State v. Blue*, 875 S.W.2d 632, 634 (Mo. App. E.D.1994).

Here, Appellant was charged with possession of a controlled substance, pursuant to section 195.202. Instruction 5 set out the elements the jury had to find to convict Appellant of this crime. The instruction read, in part, as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about 3rd day of August, 2006, in the County of Butler, State of Missouri, the defendant possessed cocaine base, a controlled substance, and

Second, that defendant knew or was aware of its presence and nature, then you will find the defendant guilty of possessing a controlled substance.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The instruction defined the term "possessed" as

either actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who is not in actual possession has constructive possession if he has the power and intention at a given time to exercise dominion or control over the substance either directly or through another person or persons. Possession may also be sole or joint. If one person alone has possession of a substance, possession is sole. If two or more persons share possession of a substance, possession is joint.

■ Appellant asserts that the evidence "showed only that he was near the crack cocaine on the front seat of [the] car"; however, we find that there was sufficient evidence from which a reasonable juror could conclude that Appellant was guilty of possession of a controlled substance. "To sustain a conviction for possession of a controlled substance, the State must prove (1) conscious and intentional possession of the substance, either actual or constructive, and (2) awareness of the presence and nature of the substance." *State v. Purlee*, 839 S.W.2d 584, 587 (Mo. banc 1992). Possession exists when:

a person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance[,] possession is sole. If two or more persons share possession of a substance, possession is joint[.]

Section 195.010(34).

■ Both possession and knowledge may be proven by circumstantial evidence,

which need not be absolutely conclusive of guilt, nor demonstrate the impossibility of innocence. *Purlee*, 839 S.W.2d at 587. "[A] defendant's knowledge of the presence and character of a substance is normally supplied by circumstantial evidence of the acts and conduct of the accused from which it can be fairly inferred he or she knew of the existence of the contraband." *State v. Elmore*, 43 S.W.3d 421, 427 (Mo.App. S.D.2001). "Joint control over the area where the drugs were found will not preclude a showing of control, so long as further evidence connects defendant with the illegal substances." *State v. Smith*, 11 S.W.3d 733, 737 (Mo.App. E.D. 1999).

Here, the substance was within easy reach and convenient control of Appellant on the front bench seat of the vehicle. The jury could have inferred Appellant's awareness of the substance's presence and nature when he tried "getting rid" of a digital scale, which was commonly used to measure illegal narcotics. Actions resembling an effort to conceal can constitute evidence reasonably implying consciousness of guilt. *State v. Harris*, 807 S.W.2d 528, 530 (Mo.App. W.D.1991). Additionally, when Appellant exited the vehicle, officers noted that he was the front seat passenger; therefore, he was sitting in the front seat directly next to the cocaine that was found on the front bench seat. Appellant was also found in close proximity to the box of sandwich bags commonly used to package illegal narcotics that was within an arm's reach on the dashboard of the car. Appellant's proximity to the bags and contemporaneous possession of the digital scale could have indicated to the jury that he knowingly and intentionally possessed the controlled substance and that he knew of its nature. It is well-settled that "defendant's contemporaneous possession of other drugs, paraphernalia, weapons, or money is relevant . . . to show that the defendant knowingly and intentionally possessed the controlled substance underlying the charge, and that the defendant knew of its illegal nature." *State v. Charlton*, 114 S.W.3d 378 (Mo. App. S.D., 2003).

These facts are sufficient to show that a reasonable juror could have found that Appellant had joint constructive possession of the cocaine and was therefore guilty of possession of a controlled substance. Point two is denied.

The judgment is affirmed.

PARRISH, J., BURRELL, P.J., concur.