STATE of Missouri, Respondent,

v.

Tureiz SCOTT, Appellant.

No. ED 92774.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 1, 2009.

Gwenda Robinson, St. Louis, MO, for appellant.

Shaun Mackelprang, Terrence Messonnier, Co–Counsel, Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

A jury convicted the defendant, Tureiz Scott, of drug trafficking in the second degree, in violation of section 195.223.3 RSMo (Supp.2001).[1] The trial court sentenced the defendant to ten years of imprisonment in the department of corrections. The defendant now appeals, raising three points. We affirm the judgment, and remand with instructions to the trial court to enter judgment nunc pro tunc to correct a clerical error in the written sentence and judgment.

### Background

The evidence in the light most favorable to the verdict is as follows: Police Officers Payne and Smith stopped a Buick automobile because it was missing the front license plate. Officer Payne approached the

---

1. All statutory references, unless otherwise noted, are to RSMo (2000).

vehicle and observed the defendant lean forward in his seat, bending at the waist, and then sit up as she approached the vehicle. Officer Payne saw a brown paper bag protruding under the driver's seat. Clear plastic bags were also visible at the top of the paper bag. Payne found off-white rock substances in individual plastic bags. She placed the defendant under arrest and read the defendant his Miranda rights, after which he stated: "Man, I sell drugs because I don't want to smoke drugs."

The defendant was charged with drug trafficking in the second degree, a class A felony, and as a persistent drug offender under sections 195.275 and 195.295.3 and as a prior and persistent offender under section 558.016 RSMo (Supp. 2005). The trial court elicited testimony, outside the presence of the jury, regarding the defendant's previous convictions. He admitted to pleading guilty to felony possession of crack cocaine in July 2004. The trial court found he was a prior drug offender and subject to enhanced punishment.

At the beginning of the defendant's trial, the trial court granted the State's oral motion in limine over objection to prohibit the defendant's counsel from saying "free case" during jury selection or the asking the potential jurors whether they believed a police officer would plant evidence. The trial court allowed the defendant to ask whether the venire panel believed a police officer may lie while under oath.

The jury found the defendant guilty of the trafficking offense. On the pre-printed form, the trial court checked both the persistent drug offender box and the prior drug offender box. This written judgment also reflected that the defendant was ineligible for probation or parole. This appeal follows.

### Points on Appeal

The defendant raises three points on appeal. In his first point, he claims the trial court abused its discretion when it prohibited him from questioning the voir dire panel about the possibility that the police would plant drugs. In his second point, he argues that the trial court erred in overruling his motion for judgment of acquittal because the State failed to prove beyond a reasonable doubt that he had possession of the crack cocaine and that he knew of such possession. In his final point, the defendant contends the trial court plainly erred in entering a judgment finding the defendant to be a prior and persistent drug offender because the court found him only to be a prior drug offender.

### Discussion

■ In his first point on appeal, the defendant asserts that the trial court abused its discretion when it prevented him from questioning prospective jurors about the possibility that police officers would plant evidence or about "free cases." He claims he had a right to discover whether prospective jurors have fixed opinions regarding the police officers which prevented them from considering the defense that the police officers planted the drugs on the defendant.

■ A defendant is entitled to a fair and impartial jury. *State v. Clark*, 981 S.W.2d 143, 146 (Mo. banc 1998); U.S. Const. amends VI, XIV; Mo. Const. art 1, sec. 18(a). A fair and impartial jury is composed of unbiased and unprejudiced jurors. *State v. Johnson*, 207 S.W.3d 24, 40 (Mo. banc 2006). The purpose of voir dire is to discover potential juror bias or prejudice. *Clark*, 981 S.W.2d at 146. General fairness and "follow-the-law" questions alone are insufficient to reveal juror bias. Therefore, some facts must be revealed during voir dire to ensure an

impartial jury. *Id.* at 147. However, not every fact must be revealed, and a party is not allowed to try his case during voir dire. *Id.* at 146. Instead, only critical facts must be disclosed. *Id.* A critical fact is a fact which has "substantial potential for disqualifying bias." *Id.*

 A trial court is vested with a wide discretion to judge the appropriateness of specific questions during voir dire. *State v. Oates,* 12 S.W.3d 307, 310 (Mo. banc 2000). It may exclude questions marginally relevant or irrelevant to the case. *State v. Chambers,* 234 S.W.3d 501, 510 (Mo. App. E.D.2007). Further, the trial court may exclude open-ended questions into a prospective juror's beliefs, questions which misstate the law or invite the juror's commitment on an issue, or questions which confuse or mislead. *Id.* We will not disturb a trial court's ruling unless it abused its discretion resulting in a real probability of injury to the defendant. *Id.* An abuse of discretion occurs when the ruling is "clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Johnson,* 207 S.W.3d at 40.

The State claims that the defendant failed to preserve this issue. A trial court's ruling on a pre-trial motion in limine is preliminary in nature. *State v. Mayes,* 63 S.W.3d 615, 628 (Mo. banc 2001). It is a "preliminary expression" of the court's ruling and is subject to change. *Id.* To properly preserve the issue for an appeal, a timely objection must be made during trial. *Id.* Here the issue was not preserved because the defendant failed to raise it during his examination of the venire panel. We will, however, review the point for plain error. We will reverse only if the trial court committed an "evident, obvious and clear error that affected substantial rights" which resulted in "manifest injus-

tice or a miscarriage of justice." *State v. Washington,* 260 S.W.3d 875, 879 (Mo.App. E.D.2008).

In this case, the trial court did not abuse its discretion in limiting voir dire, and therefore, it did not commit clear error because the police planting evidence was not a critical fact. The defendant based his opening statement and closing argument on the theory that the police planted the crack cocaine in the car. However, he failed to present any evidence supporting this theory at trial. He did not ask Officer Payne whether she planted the drugs. In fact, no witnesses supported his theory that the officers planted the drugs. This theory of the police planting evidence was not a critical fact, but merely argument. Argument during voir dire is inappropriate. *Clark,* 981 S.W.2d at 143. If the trial court permitted the defendant to question potential jurors about the police planting evidence, the defendant would have been able to try his case on voir dire, which is also improper. *See Id.*

Furthermore, the court found the phrases "free case" and "planting evidence" would taint the jury pool and was therefore prejudicial. The venire panel knew the case involved drugs, and the trial court permitted the defendant to ask whether they believed that a police officer would lie in his or her testimony. Therefore, the defendant was able to identify jurors who held a pro-police bias. Point I is denied.

*Sufficiency of the Evidence*

 In his second point on appeal, the defendant claims that the trial court erred "in overruling [his] motion for judgment of acquittal at the close of the State's evidence because the State failed to prove beyond a reasonable doubt" that the he committed the charged offense. "We will affirm a trial court's denial of a motion for judgment of acquittal if, at the close of evidence, there was sufficient evidence

from which reasonable persons could have found the defendant guilty of the charged offense." *State v. Edwards,* 280 S.W.3d 184, 189 (Mo.App. E.D.2009). In determining whether the State presented sufficient evidence, "we view all of the evidence, and all reasonable inferences that may be drawn therefrom, in the light most favorable to the verdict, and we disregard all contrary evidence and inferences." *State v. Agnew,* 214 S.W.3d 398, 400 (Mo. App. E.D.2007).

■■■ "A conviction is prohibited except upon evidence that is sufficient to support a conclusion that every element of the crime has been established beyond a reasonable doubt." *State v. Ecford,* 239 S.W.3d 125, 127 (Mo.App. E.D.2007). Trafficking in the second degree has two elements: (1) the defendant had conscious and intentional possession of more than two grams of the substance, either actual or constructive, and (2) the defendant was aware of the presence and nature of the substance. *State v. Wiley,* 80 S.W.3d 509, 513–14 (Mo.App. W.D.2002); Section 195.223.3. "Both possession and knowledge may be proven by circumstantial evidence, which need not be absolutely conclusive of guilt, nor demonstrate the impossibility of innocence." *State v. Coleman,* 263 S.W.3d 680, 683–84 (Mo. App. S.D.2008).

Here, the defendant did not have actual possession because the drugs were found under the seat of the car. See Section 195.010(34). "A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it." Section 195.010(34). To demonstrate constructive possession, the State must show the defendant had access to and control over the car. See *State v. Power,* 281

S.W.3d 843, 848 (Mo.App. E.D.2009). The crack cocaine was located under the front seat, and the defendant was driving. He was leaning forward, bending at the waist when the officer approached the car. The evidence was sufficient to show he had access and control over the drugs.

When a controlled substance is found in a jointly controlled area, the State must present additional evidence that connects the defendant to the controlled substance. *Power,* 281 S.W.3d at 848. This evidence includes admissions of the accused and the presence of large quantities. *Id.* The record is silent regarding additional passengers in the car who may have shared control over the drugs. However, the defendant admitted selling drugs to avoid using drugs. Additionally, the forensic drug chemist testified that a single rock of crack cocaine weighs between one-tenth to one quarter of a gram, and therefore, the 16.03 grams that the police recovered from the defendant's car was a substantial amount. Given the defendant's admission and the large amount of the crack cocaine, we find that the State presented sufficient evidence that the defendant had constructive possession of the drugs.

The defendant also contends the State failed to present sufficient evidence that the defendant was aware of the presence and nature of the substance. The defendant's statement provides sufficient evidence that the defendant was aware of the presence of the crack cocaine. He stated he sells drugs so he does not have to smoke them. First, crack cocaine is usually smoked. Second, the large quantity of drugs found in the defendant's car and the clear plastic bags indicate that the drugs were going to be sold.

The State produced sufficient evidence to submit the case to the jury. Point II is denied.

## 918

*Unauthorized Sentence*

■ In his third point on appeal, the defendant argues the trial court erred in entering a written sentence and judgment finding the defendant to be a persistent drug offender. The defendant concedes that this issue was not preserved, but requests plain error review. Under Missouri Supreme Court Rule 30.20 "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." An unauthorized sentence affects substantial rights and results in manifest injustice. *Drennen v. State,* 906 S.W.2d 880, 882 (Mo.App. E.D.1995). Therefore, we will review for plain error.

■ The trial court's finding that the defendant was a persistent drug offender was a clerical error. "[M]istakes in a sentence and judgment form involving the marking of boxes designated for memorializing the trial court's finding of a defendant's status as a prior or persistent offender are considered clerical mistakes." *State v. Carroll,* 207 S.W.3d 140, 142 (Mo. App. E.D.2006). "If there exists in the record a basis to support an amendment to the judgment and the trial court's intentions regarding the defendant's sentence are clear from the record, such mistakes can be corrected by a nunc pro tunc order, which is used to make the record conform to what was actually done." *Id.*

■ In this case, the trial court made a verbal finding that the defendant was a prior drug offender. The trial court made no verbal findings regarding the defendant's status as a persistent drug offender. While the State alleged multiple felony drug violations, it only presented evidence of one felony drug conviction in July 2004. The record does not support the trial court's written finding that the defendant was a persistent drug offender.

Additionally, as a prior drug offender or a persistent drug offender, the defendant is subject to the same punishment. Section 195.295 provides that "anyone who has been found guilty of a violation of ... [section 195.223.3(2)], ... shall be sentenced to the authorized term of imprisonment for a class A felony, which term shall be served without probation or parole, if the court finds the defendant is *a prior drug offender.*" (emphasis added). Since the court found the defendant to be a prior drug offender, he is subject to the same enhanced punishment regardless if he is a persistent drug offender because the court already found him to be a prior drug offender.

The record supports an amendment to the judgment, and indicates the trial court's intention regarding the defendant's sentence. The clerical mistake of checking the persistent drug offender box can be corrected by a nunc pro tunc order. Accordingly, we remand with instructions to the trial court to enter an amended written judgment finding that the defendant is not a "persistent offender."

### Conclusion

The judgment of the trial court is hereby affirmed. We remand with instructions to amend the written judgment to find that the defendant is not a persistent offender.

KATHIANNE KNAUP CRANE, P.J., and CLIFFORD H. AHRENS, J., concur.